## Christy *v.* Price, Appellant.

*Contract—Performance—Evidence—Burden of proof—Case for jury.*
In an action to recover for material and work furnished under a building contract, the burden is upon the plaintiffs to show substantial performance of the contract, and if they offer sufficient testimony on that subject, and it is believed by the jury, a verdict and judgment in their favor will be sustained.

Argued Jan. 7, 1909. Appeal, No. 201, Jan. T., 1908, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1906, No. 3,666, on verdict for plaintiffs in case of Henry Christy et al., trading as The International Marble Company, v. William L. Price et al., trading as Price & McLanahan. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a building contract to recover for marble and slate work furnished by plaintiffs. Before BRÉGY, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiffs for $1,844.74. Defendants appealed.

*Errors assigned* were various instructions and rulings on evidence.

*Lewis Lawrence Smith,* for appellants.

*J. Morris Yeakle,* for appellees.

OPINION BY MR. JUSTICE ELKIN, March 1, 1909:

This suit has been twice tried in the court below and in each instance a verdict in favor of the plaintiffs has been returned. It is a case for the jury, and, unless substantial error affecting

the legal rights of the parties has been committed, the verdict should not be disturbed. The litigation has been going on for upwards of three years and should be terminated. However, if the assignments brought to our attention any error committed at the trial which denied to appellants a full and fair presentation of their case to the jury, it would be our duty to reverse the judgment, but a careful consideration of the record fails to disclose any reversible error. It is contended that the verdict is excessive, that the learned trial judge erred in certain parts of the charge to the jury, and in refusing to admit certain offers of evidence and in not permitting cross-examination of a witness along the lines indicated by the specification. The assignments are technical and do not go to the merits of the case. It is true that the burden was on the appellees to prove substantial performance of the contract, but there was sufficient testimony if believed by the jury, whose province it was to pass upon the credibility of witnesses, to meet this burden. The learned trial judge fully and fairly submitted the contentions of the parties to the jury in a charge free from just criticism.

Judgment affirmed.