# Siegfried *v.* Boyd, et al., Appellants.

*Ejectment—Question of fact—Question for jury—Evidence—Declarations of stranger to title—Corroborative evidence—Res adjudicata—Action in trespass—Witness.*

1. In an action of ejectment where the case turns on the location of a boundary line the question of trees, whether original or otherwise, their boxing, their date, their location, the number of such trees and whether they correspond with the official survey, are all questions of fact for the jury.

2. In such a case, it is not reversible error to permit a witness to testify to the declarations of another when the latter was not the owner of the premises in question, when such testimony is admitted without objection and is merely corroborative and it does not appear that substantial harm was done thereby.

3. In order to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality of the persons for and against whom the claim is made. There is no such identity between an action to recover damages for a trespass upon land and an action in ejectment to recover possession of the same land, where the latter action is brought by a plaintiff who was no party to the action in trespass. While a judgment in trespass is conclusive in a second action of trespass wherein a freehold of the same class is attempted to be put in controversy, such judgment is not conclusive of the title in the subsequent ejectment for the same land.

4. One who has been summoned as a witness is not, by reason of that fact alone, concluded by a judgment or decree rendered in the case. There must be some circumstance shown connecting him directly with the litigation, as in fact a party to it, before he can be held bound by the result.

Argued April 9, 1912. Appeal, No. 41, Jan. T., 1912, by defendants, from judgment of C. P. Luzerne Co., Oct.

T., 1907, No. 42, on verdict for plaintiff in case of Susan Siegfried v. J. A. Boyd, Ira Boyd, H. H. Boyd, L. J. Boyd and Morris Boyd. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for lands in Conyngham township. Before JONES, J.

The opinion of the Supreme Court states the case.

*Errors assigned,* among others, were (1) in refusing binding instructions for the defendant; (5-6) charge of court, and (7) ruling on evidence.

*D. O. Coughlin,* with him *J. Q. Creveling,* for appellants.—The case was for the court: Miller v. Cure, 205 Pa. 168; Keiser v. Reading, Etc., Real Est. Co., 43 Pa. Superior Ct. 130; Fuller v. Weaver, 175 Pa. 182; Kuhns v. Fennell, 15 Atl. Repr. 920; King v. Gas Coal Co., 204 Pa. 628.

The question in issue was res adjudicata: Bruner v. Finley, 211 Pa. 74; Westcott v. Edmunds, 68 Pa. 34; Finley v. Hanbest, 30 Pa. 190; Pennebaker v. Parker, 33 Pa. Superior Ct. 458.

"Declarations of a person not in possession of the land nor the owner at the time the declarations are made cannot be received," etc.: McIldowny v. Williams, 28 Pa. 492; Ferguson v. Staver, 33 Pa. 411.

*Arthur H. James,* with him *James L. Lenahan,* for appellee, cited on the question of res adjudicata: Schroeder v. Lahrman, 26 Minn. 87 (1 N. W. Repr. 801); Martin v. Gernandt, 19 Pa. 124.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

The single question of fact in this ejectment is the location of the northerly line of what was known on the trial as the Mary Custard tract. The plaintiff claims title to a portion of it, for the whole of which

a warrant was issued to Mary Custard on August 17, 1792, and a survey of the same was made for her on June 27, 1793. The dispute between the appellee and appellants is solely as to the location of the northerly line of this tract, the contention of the appellants being that it is about thirty rods south of where the appellee claims it was originally run. If the appellants are right, the land in controversy is embraced in what is known as the McNeal tract, adjoining the Mary Custard tract on the north. A warrant was issued to James McNeal—under whom the appellants claim—for what is known as the McNeal tract, on August 6, 1793, and the same was surveyed for him on August 12, 1794,—a little more than a year after the survey of the Mary Custard tract.

The location of the northerly line of the Mary Custard tract was admittedly a pure question of fact for the jury, but the main contention of the appellants is that, in view of all the testimony in the case, the court should have directed a verdict in their favor. In a case like this it is neither necessary nor proper that we recite the voluminous testimony on the disputed question of fact. Our duty is to review such testimony, and if, after having done so, our judgment is that it called for a submission of the question to the jury, it is sufficient that we merely say so, without more. While the jury might very fairly have found for the defendants, the court could not, under all the evidence, have directed them to do so. If they believed the northerly line of the Mary Custard tract was what the court referred to in its charge as the "Crockett line," run by Crockett, the surveyor called by the plaintiff, she was entitled to a verdict; while, on the other hand, if what was known as the "Cook line" was the true southerly line of the McNeal tract, the verdict ought to have been for the defendants. Nothing more need be said in answer to appellants' complaint of the refusal of the trial judge to affirm their eighth point and to direct a verdict in their

favor than the following from the opinion of the court, refusing them judgment non obstante veredicto and discharging the rule for a new trial: "The question of trees, whether original or otherwise, their boxing, their date, their location, the number of such trees, whether they correspond with the official survey, were all questions of fact for the jury. While they could have found under the testimony a verdict in favor of the defendants which could be sustained by the court, we cannot say that the verdict in this case was perverse, and should be set aside." The affirmance of defendants' eighth point would have been practically a direction to the jury to ignore the "Crockett line" and to find that the "Cook line" was the true one.

No versible error appears in the seventh assignment. While Crockett may have testified to declarations of Aaron Boyd when the latter was not the owner of the premises, he did so without objection, and Smith's testimony was merely corroborative. We cannot see that it substantially harmed the defendants.

In 1901 Aaron Boyd, the father of defendants, under whom they claim title, brought an action of trespass in the court below against H. E. Mayby and Aaron Siegfried. Boyd having died after the institution of the suit, Susan Boyd, his administratrix, was substituted as plaintiff, and, on the trial of the cause, Susan Siegfried, this appellee, was called as a witness by the defendants to prove that the land upon which the alleged trespass had been committed was part of the Mary Custard tract and belonged to her. The matter in dispute in that action seems to have been the same as the one in controversy here, but Susan Siegfried was not allowed to testify, for the reason that Aaron Boyd's death made her an incompetent witness against his estate, in whose favor a verdict was returned. On the trial of the present case the record in that case was offered in evidence for the purpose of showing that, as to the appellee, the northerly line of the Mary Custard tract is

res adjudicata, because she had attempted to testify, in the action of trespass, that the true line between the tracts was the one which she now claims, and the jury found that it was not. The record in the action of trespass was admitted under plaintiff's objection, the learned trial judge reserving the question of the effect of it, and, by the seventh assignment, error is alleged to have been committed by the court in refusing judgment for the defendants non obstante veredicto, "because the question at issue, namely, the line of the Mary Custard survey and the title to George B. Stackhouse, through whom the plaintiff now claims title was fully adjudicated by trial, verdict and judgment in the case of Aaron Boyd v. H. E. Mayby and Aaron Siegfried, No. 66, February term, 1901, on which trial, according to the record, Susan Siegfried was sworn and offered her title in justification of the trespass, deducing that title through George B. Stackhouse through whom she now deduces her title." In order to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made: Vide cases cited in 2 Bouvier (Rawle's edition) 898. There is no identity of any one of these four conditions in the two actions. The one between Boyd and Mayby and Siegfried was trespass for the recovery of damages, while the case at bar is ejectment to recover possession of land, brought by a plaintiff who was no party to the former action. She was not even allowed to testify; but, even if she had testified, her testimony would not estop her from setting up her title in this action. "I know of no case where one who has been summoned as a witness is, by reason of that fact alone, concluded by the judgment or decree rendered in the case. There must be other circumstances shown connecting him directly with the litigation, as in fact a

party to it, before he can be held bound by the result:"
Williams, J., in Miller's Estate, 159 Pa. 562.  But even
if the appellee had been an actual party to the action of
trespass brought by Boyd, the judgment recovered by
his administratrix would not be conclusive against her
in this proceeding.  While a judgment in trespass is
conclusive in a second action of trespass, wherein a
freehold of the same class is attempted to be put in con-
troversy, such judgment is not conclusive of the title
in a subsequent ejectment for the same land : McKnight
v. Bell, 135 Pa. 358.

No error is discoverable in those portions of the
charge which are the subjects of the fifth and sixth
assignments, for nothing is to be found in them which
improperly commented upon the testimony of any wit-
ness or upon any admitted or disputed fact in the case.

The assignments are all overruled and the judgment
is affirmed.