# Ludwig Company, Appellant, *v.* Greene.

*Replevin—Counter-claim—Payment—Evidence—Record of other suit.*

In an action of replevin for the possession of an automobile, a verdict for the defendant will be sustained, where the evidence established that the machine in question had been paid for in commissions earned by the defendant.

In such case it is proper to admit in evidence the record of a suit in the courts of Ohio, wherein the defendant recovered a verdict against the plaintiff for the commissions earned and in which the price of the automobile in question was specifically credited against the amount claimed. The fact that no judgment was entered is immaterial when the verdict was paid. The payment of the verdict in that action was an acquiescence in the facts established by that verdict, and the plaintiff in the present suit did not have the right to challenge the record on the ground that no judgment was entered on the verdict. The verdict and the payment thereof by the defendant in the former suit was a legal determination of the matters there contested, and concerning the facts thus established the matters ought not again to be disputed.

Argued April 13, 1926. Appeal No. 114, April T., 1926, by plaintiff from judgment of C. P. Erie County, November T., 1921, No. 75, in the case of Max Ludwig Company, Incorporated, v. John H. Greene, U. S. Garage, Garnishee. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Replevin to recover possession of automobile. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendant in the sum of $1,450 for the car and $282.75 for damages for detention, and judgment was entered thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, including the judgment and record of suit between the

same parties brought in Mahoning County, Ohio, the charge of the court and answers to points.

*Henry C. Baur,* and with him *C. H. Lund,* for appellant.—It was improper to admit evidence of the proceedings in the Ohio courts: 22 C. J. Sec. 517; General Motors Truck Co. v. Philadelphia Paving Company, 248 Pa. 499; 34 C. J. Sec. 1295; Middletown Furniture Mfg. Co. v. Phila. Etc. R. Co., 145 Pa. 187; Levison v. Blumenthal, 10 Dist. 412; Campbell v. Pitts. Etc. Ry. Co., 137 Pa. 574; Finch v. White, 190 Pa. 86.

*C. F. Haughney,* and with him *F. L. Camp,* for appellees, cited: Vol. 34 Corpus Juris, page 1066, Section 1507, page 1067, Section 1508 and page 1079, Section 1522; First National Bank of Omaha v. Crosby, 179 Pa. 63; Edmiston v. Schwartz, 13 S. & R. 135; Goodhart v. Bishop, 142 Pa. 416; Bitzer v. Killinger, 46 Pa. 44.

OPINION BY PORTER, P. J., July 8, 1926:

This is an action of replevin for an automobile which the plaintiff averred in his statement he had delivered to the defendant under a bailment lease; that the defendant had failed to make the payments required by the lease and that the plaintiff was entitled to possession thereof. The automobile was delivered to the plaintiff, the defendant not having given a counter bond. The defendant filed an affidavit of defense averring that he had paid all the installments required by the lease and the entire purchase price of the automobile, the said payments having been made out of commissions earned by the defendant from the plaintiff under a contract of employment entered into between the parties, by the terms of which he acted as a solicitor to procure advertising contracts and business in the display advertising business, in which the

plaintiff company was engaged. The defendant re-
covered a verdict and judgment in the court below and
the plaintiff appeals.

The chief complaint of the appellant is that the court
below erred in admitting in evidence the exemplification
of the record, duly certified, of an action between these
same parties which was tried in the Court of Common
Pleas of Mahoning County, State of Ohio. The appel-
lant contends that the record ought not to have been
admitted in evidence for the reason that while it show-
ed a verdict had been rendered in favor of the plain-
tiff in that action, the defendant in the present case,
no judgment had been entered upon that verdict. It
is true that the record disclosed that no judgment had
been entered on the verdict but the oral testimony tak-
en in the present case established, and it was admitted
by this appellant, that the verdict had been paid, thus
rendering the entry of a judgment unnecessary. The
payment of the verdict by the defendant in that action,
the plaintiff in the present one, was an acquiescence
in the facts established by that verdict and this plain-
tiff does not now have the right to challenge the record
upon the ground that no judgment was entered on the
verdict. The verdict and the payment thereof by the
defendant was a legal determination of the matters
there contested, and concerning the facts thus estab-
lished the matters ought not to be again disputed:
Estep vs. Hutchman, 14 S. & R., 437.

Another ground upon which the appellant contends
that this record ought not to have been admitted is
that the issues of the two cases were not the same;
that the issue in this replevin suit was the question of
title to the automobile on the date of replevin, where-
as the issue in the Ohio suit concerned the amount of
commissions owing by the present plaintiff to the pres-
ent defendant. This contention loses sight of the fact
that the real issue in the present case is whether this

defendant had paid the purchase price of the automobile. Greene had brought an action of assumpsit in the Court of Common Pleas of Mahoning County, Ohio, on September 12, 1921, and averred in his petition, or statement of his cause of action, then filed, that he had been employed by the Max Ludwig Company as a solicitor of advertising contracts and business; that by the terms of his employment the defendant company agreed to pay him 15 per cent on the amount of such contracts as he secured which were accepted and approved by the defendant and that the commissions were due and payable upon acceptance and approval of the business. The petition set forth in detail the contracts which Greene had secured for the company and which were accepted by the latter, the amount involved in each contract and the commissions which were to be paid upon acceptance by the defendant, and that the contracts were all accepted. Greene specifically set forth in that petition that the Max Ludwig Company was entitled to credit upon his claim for commissions thus earned as follows: "1 automobile $1,810 and money advanced $800." Deducting these credits from the amount of Greene's claim for commissions the petition averred a balance to be due him of $982.07. The Ludwig Company filed an answer to this petition in which they admitted the employment of Greene as an agent but averred that his commission was to be at the rate of 10 per cent on all such contracts as he secured, and that said commissions were not to be paid until the contract price of such advertising matter became due and payable. The answer then set forth in detail such contracts as the defendant admitted the plaintiff had by his solicitation procured, and stated the amount of the commissions which would become due to plaintiff when the contract for the advertising became payable, and averred that the $800 which they had advanced to plaintiff exceeded the amount of the commissions

which had become due. It thus appeared that Greene was, in that action, averring that he had earned commissions which were due and payable which exceeded in amount the $1,810 for the automobile and the $800 in cash which he had received. The Max Ludwig Company was asserting that he was entitled to commissions at the rate of 10 per cent instead of 15 per cent, and that the commissions were not payable until the contract price of the advertising matter became due and payable, and that the $800 exceeded the amount of the commissions which had become due and payable if the contract was in accordance with their contention. The issue upon which the parties there went to trial was whether this defendant had earned commissions which were then due and payable, which were sufficient to pay for the automobile, the money which had been advanced to him and any sum in addition thereto. It was assumed as an undisputed fact in the present case that the automobile referred to in the proceedings in the case in Mahoning County, Ohio, was the same car which is here involved.

The pleadings in the case which was tried in Mahoning County, very clearly defined the issue. There was no dispute as to the credits to which the Max Ludwig Company was entitled, viz: $1,810 for the automobile and $800 money advanced. If Greene had not earned commissions which were then due and payable exceeding the sum of $2,610 then he could not recover; any verdict in his favor necessarily meant that he had earned commissions in excess of $2,610 to the amount of whatever the verdict might be. The verdict of the jury was in favor of the plaintiff (Greene) in the sum of $631.70, and the amount of that verdict this appellant paid. From this exemplification of the record of the Court of Common Pleas of Mahoning County, Ohio, it is manifest that the value or price of the automobile, which forms the subject-matter of dispute in

this action, was one of the items for which the appellant received credit in the proceeding in that court. We are unable to perceive any ground upon which that action could have been determined, as appears from the exemplification of the record to have been, that would not have made it a bar to the present action in replevin: Marsh v. Pier, 4 Rawle 273. It is here proper to observe that the learned judge who presided at the trial in Mahoning County, Ohio, in his charge to the jury, expressly called the attention of the jury to the fact that the defendant in the action was entitled to credit for $1,810 for the automobile and $800 for money admitted by the plaintiff in the action to have been advanced, and that the plaintiff was seeking to recover a balance in excess of those amounts.

The record of the action in the Court of Common Pleas of Mahoning County, Ohio, was properly admitted in evidence and the learned judge of the court below did not err in holding that that record conclusively determined that the defendant in the present action had paid the purchase money for the automobile involved in the present action. The defendant was entitled to binding instructions in his favor and the other assignments of error do not merit serious consideration.

The judgment is affirmed.