## Kaplan, Appellant, *v.* Wilson.

*Contracts—Substantial performance—Evidence—Case for jury—Charge of court.*

In an action of assumpsit to recover a balance alleged to be due on a written contract and supplementary oral contract, the case was for the jury, and a verdict for the defendant will be sustained where the evidence was conflicting as to whether there was substantial performance of the contract.

In such case the Court properly instructed the jury that plaintiff was not entitled to recover unless he proved substantial performance.

Argued October 10, 1927. Appeal No. 26, October T., 1927, by plaintiff from judgment of C. P. No. 3, Philadelphia County, June T., 1925, No. 14,177, in the case of Max Kaplan v. William D. Wilson, Jr. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on a written contract and a supplementary oral contract. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned,* among others, was the refusal of points for charge.

*Oscar Rosenbaum,* for appellant.

*Robert H. Morrow,* for appellee.

OPINION BY LINN, J., November 21, 1927:

This was a suit to recover a balance alleged to be due on a written contract for painting and glazing and also a sum claimed on a supplementary oral contract. The verdict determines that the oral contract was not made, and that no balance was due on the written contract.

Judgment n. o. v. could not have been entered, in view of the conflict of evidence; the assignments raising that point are dismissed.

The only other point properly raised for review is the affirmance of a request for charge presented by defendant to the effect that plaintiff was not entitled to recover if the evidence showed that he had failed in substantial performance of his contract without the fault of defendant.

It is unnecessary to recite the evidence. The plaintiff recognized that he must prove substantial performance and offered evidence to support his position; the defendant offered evidence the other way; that was the issue to be tried; it was therefore necessary to instruct the jury that if plaintiff failed to prove his allegation, he was not entitled to a verdict; Christy v. Price, 223 Pa. 551, Smyers v. Zmitrovitch, 55 Pa. Superior Ct. 440, McAdams v. Smith, 65 Pa. Superior Ct. 568.

Judgment affirmed.