Balis Bros., Appellants, *v.* Latta.

Argued October 23, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Edward Davis,* and with him *Meyer Emil Maurer* and *Hirschwald, Goff & Davis,* for appellants.

*Edgar C. Van Dyke,* and with him *D. P. Hibberd,* for appellees.

OPINION BY CUNNINGHAM, J., January 30, 1931:

Plaintiffs are contracting paper hangers and the controversy out of which this case arose relates to the papering of the Devon Park Hotel at Devon, Pa., owned by the Devon Park Hotel Corporation, incorporated April 21, 1926.

It was alleged by plaintiffs in their statement that the defendant, Thomas L. Latta, president of the corporation, personally made, on April 24, 1926, an oral contract with them for the work and obligated himself for the payment of the contract price of $3,200; they also claimed an additional sum of $18 for extras. It was not controverted that plaintiffs received three cash payments on account, aggregating $1,818, and that two notes, one for $1,000, and the other for $400, were delivered to them in connection with the transaction. Payment of these notes having been refused upon their presentation, plaintiffs brought this action in the municipal court to recover the balance of $1,400, claimed by them for the performance of their work under the contract. The action was tried before a jury and resulted in a verdict in their favor. Motions for a

new trial or judgment n. o. v. were made by defendant and the trial judge, GLASS, J., after refusing a new trial, entered judgment for defendant upon the whole record, and this appeal by plaintiffs followed.

Under the pleadings (plaintiffs' statement, defendant's affidavit of defense, with new matter, and plaintiffs' reply thereto), two issues were involved, in both of which the burden of proof was upon plaintiffs—(a) whether the defendant in this action had individually and personally obligated himself to pay for the work performed by plaintiffs for the benefit of the hotel company of which he was president and (b) whether plaintiffs had substantially performed their contract. On the first proposition defendant averred, and sought by his evidence to convince the jury, that the contract was with the Devon Park Hotel Corporation; that the negotiations had been carried on in its behalf by his son, Thomas H. Latta, the vice-president; and that defendant had never personally obligated himself to the plaintiffs in any way. The jury found against him upon this issue, but that finding does not dispose of the turning point in the case. In so far as the notes were concerned, he averred that he delivered them to plaintiffs as president of the corporation.

Material averments under the head of new matter in the affidavit were "that the said paper hanging and work thereabouts were done in such careless, negligent and faulty manner that the said paper failed to stick to the walls and ceilings of the rooms of said hotel where it was put and hung loosened from the said walls and ceilings of eighty of said rooms, office and halls, and in many places fell off entirely and the condition of said paper and walls was such that the papering of the said rooms and walls had to be done again," at a cost to the hotel company in excess of $1,000. These averments were denied in plaintiffs' reply and they there averred performance "in a good and workmanlike

manner.'' The real question here involved is whether plaintiffs were estopped, by reason of matters hereinafter stated, from attempting to prove substantial performance by them of the work undertaken. Defendant also pleaded, as new matter, that plaintiffs were so estopped because they had previously brought suit against the company in the same court at No. 542, November Term, 1926, upon the two notes covering the same balance of $1,400 for which this action was brought; and that the prior case was tried before another judge of the court below, KNOWLES, J., sitting without a jury, and resulted in a finding, with judgment thereon, in favor of the hotel company upon the express ground that plaintiffs were not entitled, ''as a matter of fact,'' to recover because they had not performed their contract in a workmanlike manner but had failed therein to such an extent that the company was obliged to have other paper hangers come in and finish the work. The record of the former action was offered and, over plaintiffs' objection, received in evidence in this case. Plaintiffs cannot recover here without proving performance (Kaplan v. Wilson, 91 Pa. Superior Ct. 524) and our inquiry, therefore, is whether that matter is res judicata against them. The notes upon which the former suit was brought, and which were attached as exhibits to the plaintiffs' statement in this case and placed in evidence by them, are as follows:

(1) ''$1,000, $15 int. $1,015, Philada. Apr. 29, 1926. Three mos. after date I promise to pay to the order of Armstrong & Latta Co. one thousand dollars payable at 535 Land Title Bldg. Value received with interest. No. . . . . . . Due 7/29. (Sgd.) W. H. West. Endorsements: Armstrong & Latta Co., Thos. L. Latta, President. 1926 Sansom Street; Devon Park Hotel Corporation, by Edgar C. Van Dyke, treasurer, Devon, Pa.; Balis Bros., 1614 Ridge Avenue.''

(2) "$518, $5.18 Int., $523.18, Philadelphia, August 2, 1926. Two months after date it promises to pay to the order of Balis Brothers five hundred eighteen and 00/100 dollars payable at Devon Park Hotel, Devon, Pa. Without defalcation, for value received with interest.

Devon Park Hotel Corp.,

(Sgd.) Thos. L. Latta, President,

(Sgd.) Edgar G. Van Dyke,

Treasurer.

No. ...... Due 10/4.

Endorsements: Balis Bros."

Plaintiffs' amended statement of claim in the former suit averred that the note for $518 had been reduced to $400 by a payment of $118 on account of the same; that it was drawn by the Devon Park Hotel Corporation, through Thomas L. Latta, president, and E. C. Van Dyke, treasurer, to the order of plaintiffs and delivered to them; and that the note for $1,000 was drawn and delivered by one W. H. West, payable to the order of Armstrong and Latta Company, and by that company, acting through Thomas L. Latta, its president, endorsed and delivered to plaintiffs. The affidavit of defense filed in that case in behalf of the company by its president, Thomas L. Latta, admitted delivery and refusal of payment of the notes. The defense pleaded was the making of the contract to paper the hotel, in connection with which the notes had been given, and it was then averred that the work was performed in a negligent and faulty manner (described in detail); that plaintiffs had failed and refused to complete the work; and that defendant had received a bid from another paper hanger to complete the job and repair the damage for $2,950. No appeal was taken from the judgment entered in that case in favor of the defendant upon the issue of defective performance. At the time of the trial of the

present case the presiding judge was of opinion that the question of identity of issue was for the jury and submitted it for their determination. Upon consideration of the motion for judgment n. o. v. he reached the conclusion that he had erred in so doing and that this question should have been treated as one of law and decided in favor of the defendant; hence the granting of the motion for judgment n. o. v.

Appellants assign as error the admission in evidence of the record of the former trial and the entering of judgment for defendant.

From what has been said, it is apparent that the issue in each case can be determined by an inspection of the respective records and it is well settled that whether a former suit was for the same cause of action is a question of law for the court whenever it is determinable by the pleadings: Goodhart v. Bishop, 142 Pa. 416, 418, and cases there cited. It is also clear that there was identity of subject matter—a balance of $1,400 claimed by appellants—and identity of issue, viz: whether they had performed their part of the contract. Substantial performance was a fact governing their right to recover in each case (Kaplan v. Wilson, supra) and in the former it was determined by a court of competent jurisdiction, in an adjudication from which they did not appeal, that the work which they undertook to do had been so negligently and defectively performed that they were not entitled to recover the balance of the contract price represented by the notes. Certain principles of law applicable to the present situation were thus stated by the Supreme Court in Brobston v. Darby Borough, 290 Pa. 331, 337, 338: "In determining whether a prior judgment of a court of competent jurisdiction is conclusive of a pending suit, the inquiry is usually confined to the identity of the cause of action. ...... The same cause of action cannot be retried, and a second suit can-

not be predicated on a question of fact already passed on: Loughrey v. P. R. R. Co., 284 Pa. 267; Ludwig Co. v. Greene, 88 Pa. Superior Ct. 137, 142 ......, 'The purpose underlying res adjudicata (or estoppel by judgment) is more than to serve simply the interest of one who may see fit to invoke the rule; it is a measure of public policy, based on the principle that the general welfare requires litigation not to be interminable': State Hospital v. Water Supply Co., 267 Pa. 29, 37.'' As appellants' right to recover in this case is necessarily predicated upon the same question of fact that was determined against them in the former action, we need not concern ourselves particularly with the question raised by them as to identity of parties. The same parties were plaintiffs in each case, and, when the case is stripped of technicalities and refined distinctions, it is evident that the defendant here was the president and agent of the defendant in the former action and that there is sufficient identity of interest to warrant the application of the rule ''of public policy and of private peace'' now invoked. Appellants, having failed in their suit against the hotel company, cannot retry the case under the guise of this action against its president, and the court below committed no error in admitting the record of the prior case and entering judgment in favor of appellee.

Judgment affirmed.