## Gloninger v. Vollmer

Albert G. Liddell, for plaintiff; Charles F. Patterson, for defendant.

McNAUGHER, J., December 23, 1931. — This case is before us on plaintiff's motion for new trial following the granting of binding instructions in favor of defendant.

Inasmuch as the point of law on which the case turns is not affected by the circumstances of the accident, it is sufficient to say that the action was for the recovery of damages for personal injuries sustained by plaintiff in a collision on the Beaver Road between the pleasure car of plaintiff, which he was at the time operating, and a truck owned by the Linde Air Products Company, operated by defendant, who was at the time an employe of the company and engaged in its business. Over plaintiff's objection, the trial judge admitted in evidence the record of a case of the county court of this county, known as No. 361 of 1929, wherein the Linde Air Products Company was plaintiff and the present plaintiff was defendant. An examination of that record discloses that the plaintiff there recovered a verdict against the present plaintiff for damage to its truck, sustained in the same collision as here involved. At the close of the present case the court affirmed defendant's point that, "under the pleadings and all the evidence the verdict must be for the defendant," on the basis that the county court case was res adjudicata.

Plaintiff urges his right to a new trial on the authority of Woodburn v. Penna. R. R. Co., 294 Pa. 174. The plaintiff there was the driver of a truck which had been in collision with a railroad train and he was suing the railroad company for personal injuries. Previously the owner of the truck had brought suit against the company for damages to the truck, the driver being a witness in the owner's behalf, and a verdict was rendered in favor of the railroad company. The question was whether the owner's case was not res adjudicata and did not prevent a recovery by the driver in the subsequent suit. The Supreme Court held that the rule of res adjudicata did not apply because, although the same defendant was a party in both cases, the plaintiff was not a party in the previous suit. We think that case is clearly to be distinguished from the one before us. Here the plaintiff was a party in the county court action. He had his day in court and is not now entitled to be heard a second time. He is seeking, after defeat at the hands of the Linde Air Products Company, to recover against the agent of the company, on the same cause of action and after a jury of the county court established the fact that the collision occurred due to negligence of the present plaintiff and without negligence on the part of the present defendant. It is true the latter has not had his day in court, but he is far from complaining about it. It is not his day but the plaintiff's which is here the determining factor.

Defendant cites a case which we think supports our view, that of Balis Brothers v. Latta, 102 Pa. Superior Ct. 66. In that case an action was brought by plaintiffs against a corporate defendant to recover upon notes executed by

defendant and also executed by its president. The first suit against the corporation resulted favorably for defendant. In the second suit by the same plaintiffs against the individual, the cause of action being the same, the court held that the same plaintiffs were parties in each case and that when the second was stripped of technicalities and refined distinctions, there was sufficient identity of interest to warrant the application of the rule of res adjudicata. The defendant in the second suit, the court said, was the president and agent of the defendant in the former suit, and, the first suit having failed, the same suit could not be retried under the guise of an action against the president of the defendant in the previous suit.

### Order

And now, to wit, December 23, 1931, plaintiff's motion for new trial is hereby refused.

From William J. Aiken, Pittsburgh, Pa.