Bucks *v.* American Cigar Box Lumber Co.

Argued November 13, 1933.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles H. Weidner*, and with him *John B. Stevens* and *Harry W. Lee* of *Stevens and Lee*, for appellant.

*Geo. B. Balmer*, and with him *Zeiber & Snyder*, for appellee.

Opinion by James, J., February 1, 1934:

This is an appeal from the orphans' court of Berks County confirming absolutely the adjudication in the Estate of Joshua N. Bucks, deceased. The appellant, American Cigar Box Lumber Company, a creditor of the estate, objected to the allowance of the claim of, and distribution to, the Reading Trust Company.

In his last will, Joshua N. Bucks named his widow

Valeria M. Bucks executrix of his estate and by the following language gave her the right to continue the business in which he was engaged in his lifetime under the name of Bucks Cigar Box Company: "She shall have the power to continue the partnership business that my son and I are engaged in and in all other things do with my estate as she thinks best during the term of her natural life." The business referred to in the will was actually not a partnership but was solely owned by Joshua N. Bucks, the decedent, and was operated by him as an individual enterprise. The widow conducted the Bucks Cigar Box Company after her husband's death, which business was conducted by Joshua N. Bucks at the time of his death. On May 20, 1924, the widow filed a certificate in the office of the prothonotary of Berks County in compliance with the Act of 1921, P. L. 465, relating to the registry of persons doing business under a fictitious name, in which certificate Valeria M. Bucks set forth the name of the business as Bucks Cigar Box Company and herself as the only person owning or interested in said business.

In 1928 the Reading Trust Company brought an action of assumpsit against Valeria M. Bucks, trading as Bucks Cigar Box Company, which case was tried before a jury and a verdict rendered in favor of the plaintiff and against Valeria M. Bucks, trading as Bucks Cigar Box Company. The cause of action was upon certain notes on which the Bucks Cigar Box Company was either a maker or endorser. The signature of the Bucks Cigar Box Company was signed by C. W. Bucks, a son of Valeria M. Bucks, to whom she gave a power of attorney to carry on the business for her.

Valeria M. Bucks died in 1930 and the present accountant was named administrator d. b. n., c. t. a., of the Joshua N. Bucks estate on April 29, 1930. At the

audit of the estate of Joshua N. Bucks, the record of the judgment against Valeria M. Bucks, trading as Bucks Cigar Box Company, was admitted over appellant's objection to the allowance of the claim, at which time exceptant also made the following offer of proof which was rejected by the court: "The American Cigar Box Lumber Company proposes to show that the consideration paid by the Reading Trust Company for the notes upon which judgment was secured in the court of common pleas of Berks County to No. 120 October Term, 1929, was never received by Joshua N. Bucks or his estate, and that it never went into or was used in the business known as the Bucks Cigar Box Company which business was conducted on behalf of the said Joshua N. Bucks estate after the death of the said Joshua N. Bucks; further that the Reading Trust Company at the time it received the notes which it now proposes to base its claim upon against the Joshua N. Bucks estate gave credit only to Valeria M. Bucks and relied solely upon her responsibility and that the said Reading Trust Company has caused certain property of Valeria M. Bucks to be sold upon execution in order to realize payment of the judgment secured against her as aforesaid."

This offer of testimony was rejected by the court below "on the theory that the adjudication made and judgment entered in the court of common pleas constituted a final determination of the liability upon the parties to the record and of jurisdictional and probate requirements incident thereto."

The judgment as affecting Valeria M. Bucks was undoubtedly binding upon the Bucks Cigar Box Company conducted by her but in order that a judgment entered against her, trading as the Bucks Cigar Box Company, was to be paid from assets of the estate of Joshua N. Bucks, it was necessary to show that the

obligations upon which the judgment was based arose out of transactions of said Valeria M. Bucks in her representative capacity in carrying on the business of her husband who had been doing business as the Bucks Cigar Box Company, particularly in view of her own certificate that she was doing business as the Bucks Cigar Box Company and that she was the only person owning or interested in said business. It appears that she was either conducting the business of Bucks Cigar Box Company under the authority granted by her husband's will or as an individual business of her own. Under which business was the debt contracted upon which the Reading Trust Company judgment was based? If it was her personal business and had no connection with the Bucks Cigar Box Company belonging to the husband's estate, it should not participate in the funds of the estate.

In order to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. Siegfried v. Boyd, 237 Pa. 55, 59, 85 A. 72; Baker v. Small, 17 Pa. Superior Ct. 423, 425. In the instant case, the judgment of the Reading Trust Company as affecting the estate of Joshua N. Bucks is lacking in identity of persons and of parties to the action and identity of the quality in the person against whom the claim is made. It did not adjudicate that the judgment was founded upon any transaction with Valeria M. Bucks as a representative of the estate of Joshua N. Bucks trading as Bucks Cigar Box Company.

True it is that the above mentioned rule has been modified so that the inquiry is usually confined to the identity of the cause of action (Brobston v. Darby Boro., 290 Pa. 331, 337, 338, 138 A. 849; Balis Bros. v,

Latta, 102 Pa. Superior Ct. 66, 72, 156 A. 596) but it does not bind those who are not in privity with the original parties. The party against whom the judgment was obtained may or may not have been in privity with Valeria M. Bucks, trading as the representative of the Joshua N. Bucks estate, and the cause of action may, as stated in the offer, not have arisen in the conduct of Bucks Cigar Box Company, under the will of Joshua N. Bucks estate, and the court erred in not permitting appellant to introduce the testimony under the offer.

The second assignment of error is sustained. Decree reversed and the record is remitted, the case to be proceeded with in accordance with this opinion.