## Page v. Kegel et al.

*G. T. Hambright* and *John E. Malone,* for petitioner. *Windolph & Mueller,* contra.

SCHAEFFER, J., March 20, 1936.—Plaintiff sued Harry Kegel, the defendant, in trespass to recover property damages alleged to have been caused by the defendant's negligence. Subsequently, a writ of sci. fa. was issued at the instance of the defendant against Loren P. Somer, who was made an additional defendant in the suit. The jury found in favor of the plaintiff and against Harry Kegel alone in the sum of $2,071.78. The defendant thereupon filed a motion for judgment n. o. v. and filed eight reasons for a new trial. All these reasons involve practically only one question of law. Is a certain prior suit res judicata as to the instant suit?

The defendant, Kegel, admitted that: "The negligence is practically conceded; it is only whose negligence. The two plaintiffs here are entitled to recover." The amount claimed by the plaintiff is likewise admitted by Kegel. Loren P. Somer, additional defendant, made no such admissions. The defendant, Kegel, offered no testimony except the record of two suits, jointly tried, by Harry J. Kegel against Loren P. Somer, and by Edna B. Kegel, wife of Harry J. Kegel, against Loren P. Somer, to nos. 115 and 116, August term, 1932. It was admitted by all parties that Harry J. Kegel and Loren P. Somer in that suit are the same parties as the defendants in the present suit. Harold M. Page, plaintiff in the instant suit, testified that on July 7, 1932, he was in his automobile hearse on the State highway between Philadelphia and Harrisburg. As he was going west and approaching the Borough of Elizabethtown near the top of a hill, sitting beside his driver or employe, Harry N. Yoder, he saw the automobile driven by Harry Kegel, the defendant, coming east toward him in the opposite direction. The plaintiff drove entirely off the cement portion of the highway to his right. Nevertheless the defendant, Harry Kegel, collided with his hearse. About a minute thereafter, Loren P. Somer, additional defendant, approached in his car going east and collided with Kegel's car, which was then about 100 feet away from plaintiff's hearse. In the prior suit

plaintiff testified as a witness for Loren P. Somer, who was the defendant in that case. His testimony then was substantially the same as in the case at bar. In that suit Kegel testified that Somer's car ran into the rear of his car, thereby causing him to collide with Page's hearse. The verdict of the jury in that case was in favor of Kegel.

The controlling question in this case is a legal one, and at the request of counsel for Kegel the court in its charge to the jury said: "The question whether or not this is res judicata is a legal question for the court to decide."

The record in the former case of Kegel v. Somer was permitted to be taken out by the jury, but this was harmless in view of the position taken that the case involved a question of law to be decided later by the court.

In Bucks v. American Cigar Box Lumber Co., 112 Pa. Superior Ct. 193 (1934), it is said:

"In order to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. Siegfried v. Boyd, 237 Pa. 55, 59, 85 A. 72; Baker v. Small, 17 Pa. Superior Ct. 423, 425. . . . True it is that the above mentioned rule has been modified so that the inquiry is usually confined to the identity of the cause of action (Brobston v. Darby Boro., 290 Pa. 331, 337, 338, 138 A. 849; Balis Bros. v. Latta, 102 Pa. Superior Ct. 66, 72, 156 A. 596) but it does not bind those who are not in privity with the original parties."

In Hegarty et ux. v. Berger, 304 Pa. 221, the Supreme Court said at pages 225 and 227:

". . . the actions brought by Rimmer and his mother against Miss Berger for the same accident resulted in verdicts and judgments for the defendant, which we affirmed. See Robinson v. Berger, 295 Pa. 95. That being by other plaintiffs was not res judicata here. . . .

The proceedings in the other trial had no relevancy here except in so far as they might show that the testimony of witnesses given here differed from their testimony given there."

In York Ice Machinery Corp. v. Groff et al., 42 Lanc. 549, involving the principle of res judicata, this court said: "The plaintiff here was not a party to the action between Miller and Groff, hence is not affected by the result of their suit."

The defendant, Harry Kegel, takes the position that the question of res judicata was improperly submitted to the jury, being a question of law. Kegel also contends that the prior suit was res judicata as between the two defendants in the instant case, stating: "The fact that the plaintiffs in these cases were not parties in the former case in no way interferes with the application of the principle of res judicata, because the real parties involved are the two defendants." Defendant cites Balis Bros. v. Latta, 102 Pa. Superior Ct. 66, which decided that there must be at least privity with the original parties to invoke the rule of res judicata. In Wallace's Estate, 316 Pa. 148, 153, also cited by defendant, it was decided:

". . . when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies".

It is obvious that the parties in the instant case are not the same as those in the prior suit, the record of which was offered in evidence to establish res judicata. The plaintiff in this suit cannot be considered in privity with the parties in the former suit. As between the two defendants in the case at bar the earlier case would undoubtedly be controlling. This does not apply to Harold M. Page, plaintiff in this suit, because he was not bound by the outcome or judgment of the former trial. If Page had been the plaintiff in the former suit and had sued

Harry Kegel alone and the verdict had been against Page, he could not have maintained a subsequent suit against Somer on the same cause of action. In Brobston v. Darby Borough, 290 Pa. 331, Mr. Justice Sadler, at pages 338 and 339 of the opinion, said:

"Ordinarily, an estoppel by judgment is applied where parties are the same, or in privity with them, which include those who are responsible over (34 C. J. 1031; Cressler v. Brown, 79 Okla. 170, 192 Pac. 417), but 'an apparent exception to the rule of mutuality has been held to exist where the liability of defendant is altogether dependent upon the culpability of one exonerated in a prior suit upon the same facts, *when sued by the same plaintiff.* . .' . . . 'The purpose underlying *res adjudicata* [or estoppel by judgment] is more than to serve simply the interest of one who may see fit to invoke the rule; it is a measure of public policy, based on the principle that the general welfare requires litigation not to be interminable' ". (Italics ours.)

If the testimony of Page in the instant case governs, and it is uncontradicted except by the record of the prior suit, the cause of action would not be identical in the two suits. There would be apparently two separate and distinct accidents or collisions. Outside of the prior record the uncontradicted testimony in the instant case shows that the injuries for which the present plaintiff sued were caused solely by the defendant, Kegel. However, aside from the question of identity of the cause of action, there is not identity of persons and parties to the action or privies thereto as far as Harold M. Page, the plaintiff in this suit, is concerned. The court, therefore, concludes that the doctrine of res judicata is not applicable to the instant case.

Now, March 20, 1936, the motion for judgment non obstante veredicto in favor of Harry Kegel, defendant, is overruled.

And now, March 20, 1936, the rule for a new trial is discharged.　　　　From George Ross Eshleman, Lancaster.