**KANNEL v. KENNEDY.**

No. 6421.

Circuit Court of Appeals, Third Circuit.

Dec. 6, 1937.

Abe R. Cohen and Levy & Crone, all of Pittsburgh, Pa., and Alto W. Brown, of Cleveland, Ohio, for appellant.

John B. Martin, of Duane, Morris & Heckscher, of Philadelphia, Pa., and John H. Cartwright, of Ridgway, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The facts were stipulated. In April, 1935, Sue Frost, widow of Chester Frost, brought an action in trespass against Charles Kannel in the court of common pleas of Elk county, Pa., for the recovery of damages for the loss of her husband whose death was alleged to have been caused by the negligence of Kannel. On April 16, 1936, the jury rendered a verdict against Kannel in the sum of $8,-957. On April 20, 1936, counsel for Kannel filed a motion for a new trial and for judgment n.o.v.

In January, 1936, Kannell instituted the present action in trespass against Kennedy, the administrator of the estate of Chester Frost, in the United States District Court for the Western District of Pennsylvania, for the recovery of damages for injuries alleged to have been sustained by him and caused by the negligence of the deceased. This case was continued pending final disposition of the Elk county case. On July 22, 1936, during the course of taking testimony on the motion for a new trial in the Elk county case, the parties agreed to mark that case compromised, settled, and discontinued upon payment to Sue Frost of $7,-000, she to assume payment of her own bill of costs for witnesses' fees and Kannel to assume payment of docket costs and his own witness' fees. When the respective payments were made, the Elk county case was marked compromised, settled, and discontinued.

Upon the above-stated facts Judge Schoonmaker sitting in the District Court, held that the settlement of the Elk county verdict amounted to an acquiescence in the facts upon which the verdict rested; namely, that Kannel's negligence caused the collision, and that there was no contributory

negligence on the part of the deceased, and that Kannel's acquiescence barred any claims he might otherwise have had. The court thereupon entered judgment for Kennedy as administrator.

 It is the general rule that the doctrine of res judicata does not apply in the absence of a final judgment. Grear v. Buholz, Appellant, 66 Pa.Super. 380. There are exceptions, however, to this rule, and we believe this case falls within one of the exceptions; namely, that a verdict alone is binding if the parties acquiesce in it. In Pollitz et al. v. Schell et al., C.C., 30 F. 421, 422, where the plaintiff paid the record costs in full after a verdict had been rendered for the defendant, the court said: "This payment of the defendants' costs in that action was an acquiescence in the verdict, a renunciation of the right to prosecute the claims further, and equivalent to a judgment on the verdict as a conclusive bar of the claims."

To the same effect are Estep et al. v. Hutchman et al., 14 Serg. & R., Pa., 435; Phillips v. Israel et al., 10 Serg. & R., Pa., 391; Ludwig Co., Appellant, v. Greene, 88 Pa.Super. 137. Although in the instant case there were some concessions made by the winning party, the payment of the major portion of the verdict amounted to an acquiescence by the losing party in the facts found by the jury.

We note in passing that inasmuch as the stipulation of facts does not set forth that the compromise was arranged by Kannel's insurance carrier without his assent, we cannot consider that aspect of the case.

We find that the causes of action are the same in substance. The issues were and still are the negligence of Kannel and Frost and their respective contributory negligence. In the Elk county case the widow proved to the satisfaction of the jury that Kannel was negligent and that the deceased was not guilty of contributory negligence. The same facts, the same witnesses, and the same legal principles would have to be presented to the second jury in order to redetermine whether Kannel or Frost was negligent. The subject-matter and the ultimate issues are the same.

The point is made that there is no identity of parties. Kannel was the defendant in the Elk county suit and is plaintiff in the suit here on appeal. Under the Pennsylvania statutes, 12 P.S. § 1601, 20 P. S. §§ 771, 772, the right of action for damages against a tort-feasor where one is killed by a wrongful act vests in the widow, whereas an action against a deceased for negligence may be maintained only against the administrator. The widow succeeds to the decedent's right of action; the administrator to the responsibility of defending. Each is designated by law to serve as the alter ego of the deceased, and both trace their rights to this common source.

We think the present case is one in which a liberal construction of the doctrine of res judicata is justified.

The judgment of the District Court is affirmed.