**HORNSTEIN v. KRAMER BROS. FREIGHT LINES, Inc., et al.**
**No. 1060.**

District Court, W. D. Pennsylvania.
Nov. 7, 1941.

848

Stewart P. McConnel, of Beaver, Pa., for plaintiff.

Reed & Ewing, of Beaver, Pa., and H. E. McCamey and Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

Defendants have moved for summary judgment in their favor under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, supported by a stipulation as to the facts on which the motion is based.

The complaint and the stipulation disclose that on March 17, 1938, the plaintiff was driving on a Pennsylvania highway an automobile owned by Hornstein, Inc., a corporation of which the plaintiff is president, treasurer, and general manager, and of which he owns or controls all of the capital stock. On that date, said automobile driven by plaintiff was involved in a collision on said highway with a truck owned by Kramer Brothers Freight Lines, Inc., and operated by Robert English Wheeler, its employee, the defendants in the instant case. As a result of that collision, the plaintiff suffered personal injuries, and brings this suit to recover damages for such injuries, charging that such collision resulted from the negligence of Wheeler, the driver of said truck.

The stipulation discloses that Hornstein, Inc., has brought suit at No. 100 March Term 1939 in the Court of Common Pleas of Beaver County, Pennsylvania, against Kramer Brothers Freight Lines, Inc. (a defendant in the instant case), and G. C. Copping (owner of the Kramer truck), to recover damages for injuries to its truck; and also that Copping (the owner of the Kramer truck), brought suit at No. 101 March Term 1939 in the Court of Common Pleas of Beaver County against Hornstein, the plaintiff in the instant case, to recover damages for his injuries by reason of the collision of these two cars, charging that the collision was caused by the negligence of Hornstein.

These two cases were tried together, with the result that in the case at No. 100 March Term 1939, verdict was rendered in favor of the defendants, Kramer Brothers Freight Lines, Inc., and G. C. Copping, and against the plaintiff, Hornstein, Inc.; and in the case at No. 101 March Term 1939, verdict was rendered in favor of Copping and against Hornstein, (the plaintiff in the instant suit) for $800. Final judgment has been entered on these verdicts.

In our opinion, these judgments conclusively establish that the collision between the two automobiles involved in the instant case was caused by negligence on the part of Hornstein, the plaintiff in the instant suit, and that there was no contributory negligence on the part of Wheeler, the driver of the Kramer truck. That very issue of fact was submitted to the Beaver County jury.

Hornstein's right to recover in the instant case is necessarily predicated on the same question of fact that was determined against him in the Beaver County court. In one suit in that court, he was personally a party, and in the other, he was president, treasurer, and general manager, as well as the controlling stockholder of the corporation that was a party to the second suit.

We therefore conclude that there is exact identity of the subject-matter of this suit with that in the cases tried in Beaver County, and substantial identity of parties. Copping, Wheeler and Kramer are all in privity so far as the Beaver County cases are concerned. In our view, therefore, this is a proper case for the application of the doctrine of res adjudicata.

The following Pennsylvania cases sustain our view: Hochman v. Mortgage Finance Corporation, 289 Pa. 260, 137 A. 252; Brobston v. Darby Borough, 290 Pa. 331, 138 A. 849, 54 A.L.R. 1285; Balis Bros. v. Latta, 102 Pa.Super. 66, 71, 156 A. 596.

Defendants' motion for summary judgment will be granted. An order may be submitted accordingly, on notice to opposing counsel.