## Dowd v. Lynch

Before Valentine, P. J., Aponick, Flannery, Lewis and Pinola, JJ.

*Joseph L. O'Donnell*, for plaintiff.

*White, Rowlands & Hourigan*, for defendant.

LEWIS, J., March 11, 1952.—This matter comes before the court on a motion for judgment on the plead-

ings made by defendant, Alice Lynch, in an action of replevin brought against her by Patrick A. Dowd, plaintiff, to regain possession of 25 United States series E savings bonds. These bonds were issued in the name of "Patrick Dowd or Alice Dowd." Patrick Dowd was the brother of Alice Dowd. Alice Dowd died October 30, 1948, leaving a will in which Alice Lynch, defendant in this action, was named as executrix. Letters testamentary were duly issued to Alice Lynch.

After the death of Alice Dowd, Alice Lynch took possession of the bonds in question, which bonds had been deposited in the safe deposit box of Alice Dowd. Although the bonds were not included in her inventory, her account or petition for distribution, Alice Lynch paid a transfer inheritance tax of $103.85 on these bonds and took credit for this amount in her account as executrix of the estate of Alice A. Dowd, deceased. In the audit of the account the auditing judge properly disallowed credit for this expenditure, because the bonds in question were not part of the estate of Alice A. Dowd, deceased, and her estate was not liable for the payment of the tax. See Schablein Estate, 68 D. & C. 634. The learned orphans' court judge further directed that: "The executrix is surcharged with this tax, $103.85, with the direction that the bonds in question be held by her until payment of said $103.85 is made to her by Patrick Dowd." See Estate of Alice A. Dowd, Orphans' Court of Luzerne County, no. 1488 of 1948.

In her answer defendant in these proceedings admits that plaintiff is now the owner of the bonds in question, but defends this action on the grounds that the adjudication of the orphans' court gave defendant a lien upon these bonds in the amount of $103.85, and that the adjudication of the orphans' court is res judicata in this proceeding.

In the audit of the account of Alice Lynch, executrix of the estate of Alice A. Dowd, the matter which is now in controversy was not properly before the orphans' court for adjudication, inasmuch as the bonds were not included in the account of the executrix and were not part of the estate of Alice A. Dowd. The learned judge of the orphans' court was without authority in that proceeding to decide that $103.85 was the proper amount of the tax. The orphans' court was also without power to direct that the executrix should hold the bonds in question until payment of $103.85 is made to her by Patrick A. Dowd.

It is contended by defendant that the adjudication of the orphans' court gave to Alice Lynch, as executrix, a lien on the bonds for the payment of $103.85. If such were the intended effect of the adjudication of the orphans' court, the court erred in so doing.

Section 315.11 of Subpart D of the United States Treasury Department Regulations governing United States savings bonds provides as follows:

"A savings bond may not be hypothecated or pledged as collateral for a loan or used as security for the performance of an obligation. . . ."

Under this regulation the orphans' court was without authority to establish a lien on these bonds in favor of any individual.

United States savings bonds issued by the Treasury Department and registered in the names of the purchaser and coöwner become, by virtue of their terms and Federal statutes and United States Treasury regulations, the property of the coöwner named in the bonds and not the property of the estate or heirs of the deceased registered owner. The bonds constitute a contract between the United States and the purchaser and, because the Federal Government is a party to such contract, it is necessarily controlled by Federal law: In re Evans' Estate, 57 D. & C. 55; Haire's Estate,

28 West. 1; Laverty's Estate, 12 Beaver 15; In re Prifer's Estate, 53 D. & C. 103; United States v. Dauphin Deposit Trust Co. et al., (D. C., Pa.) 50 F. Supp. 73.

Patrick A. Dowd filed exceptions to the adjudication of the orphans' court, which exceptions were dismissed. However, if Patrick A. Dowd felt aggrieved by this adjudication, the appropriate remedy would have been to appeal the adjudication of the orphans' court.

Notwithstanding this, we cannot agree with defendant that the proceedings in the orphans' court are res judicata in this controversy. The learned judge of the orphans' court directed that Alice Lynch, *as executrix of the estate of Alice A. Dowd,* should hold the bonds in question until payment of $103.85 is made to her by Patrick A. Dowd. Since Alice Lynch, *as executrix,* never had possession of these bonds, inasmuch as they were not part of the estate of Alice A. Dowd, the direction of the orphans' court that she, as executrix, should hold these bonds is a legal nullity.

This action is against Alice Lynch as an individual, whereas the proceeding in the orphans' court involved Alice Lynch as executrix of the estate of Alice A. Dowd. It is alleged by plaintiff that the bonds are now held by Alice Lynch as an individual. The rule of res judicata does not apply unless the parties to both suits are the same and are acting in the same capacity in both suits: Security Trust Company of Pottstown v. Feist, Admx. et al., 333 Pa. 536; In re Bucks v. American Cigar Box Lumber Co., 112 Pa. Superior Ct. 193. See 50 C. J. S. 303.

For the foregoing reasons, defendant's motion for judgment on the pleadings must be overruled.

While the matter is not before us, we feel constrained to point out that in our opinion a transfer inheritance tax is payable on these bonds. The amount

of the bonds which are taxable depends on whether or not Patrick A. Dowd had access to the safe deposit box in which the bonds were kept by Alice Dowd, which fact does not appear in the pleadings. Alice Lynch erroneously paid $103.85 on account of this tax. Since a tax was properly payable by Patrick A. Dowd, we feel that it would be only just for Patrick A. Dowd to reimburse Alice Lynch for the amount of the tax actually due on these bonds. However, in this action we are powerless to compel him to do so.

Accordingly, now therefore, March 11, 1952, at 10 a.m., it is hereby adjudged, ordered and decreed that defendant's motion on the pleadings is overruled.