## Weirick v. Palik, Jr., et al., etc.

*Bernard Goldstone,* for plaintiff.

*Hiram M. Drake,* for defendants.

RODGERS, P. J., August 3, 1954.—This matter comes before the court on preliminary objections by defendants, George Palik, Jr., and Walter W. Martini, trading as the Farrell Taxicab Company, which allege that plaintiff's complaint should be dismissed and that judgment should be entered for defendants on the grounds that the matters therein set out were litigated by the parties in the Court of Common Pleas of Mercer County, at 224 March term, 1953, in which case a verdict was entered for the then plaintiffs (present defendants) against the then defendant (present plaintiff), which, having been subsequently paid by defendant, has been res adjudicata of the matters set forth in the present complaint.

The parties recognized that the allegation of res adjudicata should be pleaded as an affirmative defense, but state that the facts are not in dispute and request the court to decide the matter on preliminary objections.

The record shows that the matter at no. 224, March term, 1953, was in fact an action between the parties to the present suit growing out of the same accident or occurrence as the subject matter of the present suit. The matter at no. 224, March term, 1953, was tried by a jury on March 20, 1953, and a verdict was rendered in favor of plaintiffs in the amount of $702.95. On May 25, 1953, a motion for judgment n. o. v. and a motion for a new trial were filed by defendant. On August 10, 1953, the then plaintiff issued a præcipe to the prothonotary to place the matter on the argument list for the second Monday of September 1953. Under date of November 23, 1953, the docket of the prothonotary's office carries the following entry:

"Received of defendant $702.95 and satisfaction of suit and verdict is hereby authorized. Hiram M. Drake, Atty. for Plff."

On the same date, a certificate of discontinuance was issued to the then defendant.

The question involved is whether a verdict without judgment being entered thereon becomes res adjudicata between the parties in a subsequent action involving the same factual situation where defendant has moved for a judgment n. o. v. and a new trial but has paid the verdict in full before the argument on these motions.

Plaintiffs contend that since no judgment was entered on the verdict, the doctrine of res adjudicata does not apply, citing the case of Grear v. Buholz, 66 Pa. Superior Ct. 380, at 382, where it is stated:

"It appears however that no judgment was ever entered on the verdict. This is fatal to the plea. 'No question becomes res adjudicata until it is settled by a final judgment. . . .'"

This is clearly the general rule, but as our Supreme Court has said:

"As in the case of most general rules, however, there is at least one well-defined exception, namely, that the verdict of a jury or the finding of a chancellor may alone be binding if there are circumstances showing that the parties acquiesced in it": American Surety Company of New York v. Dickson et al., 345 Pa. 328 at 335.

This acquiescence has been proved in various ways. In the American Surety Company case, supra, it was found in plaintiff's failure to take any action adverse to the chancellor's findings for a period of 18 years.

In Shaeffer v. Kreitzer, 6 Binney 430 (1814), a verdict was rendered against defendant in an action for ejectment concerning 20 acres of land. Thereafter, defendant paid the costs and delivered possession according to the verdict. Chief Justice Tilghman, at page 432, said:

"No judgment has been entered, but the defendant showed his acquiescence in the verdict by the payment of the costs and delivery of possession. No case exactly like it has occurred, but it falls within the principle of a verdict and judgment. It appears by the acts of the defendant that no objection was made to the verdict. There was no occasion to enter judgment, because the fruits of a judgment, (the costs of suit and possession of the land)· were yielded by the defendant and enjoyed by the plaintiff."

In 1826 in Estep v. Hutchman, the plaintiff received a verdict which in effect required the defendant to execute a deed. No judgment was taken on the verdict. The Supreme Court of Pennsylvania at 14 S. & R. 435, 438, found acquiescence in the verdict in the action of defendant in executing a deed within a month after the verdict had been rendered. Judge Huston, speaking for the court there, held that the case was in fact res adjudicata. He said:

"No judgment entered, because the acquiescence of the guardians, and their execution of the deed rendered one unnecessary."

In Ludwig Company v. Greene, 88 Pa. Superior Ct. 137, 139, the Superior Court found the necessary acquiescence in the fact that "it was admitted by this appellant, that the verdict had been paid, thus rendering the entry of a judgment unnecessary."

In Pollitz v. Schell and others, 30 Fed. 421, 422, where plaintiff paid the record costs in full after a verdict had been rendered for defendant, the court said:

"This payment of the defendant's costs in that action was an acquiescence in the verdict, a renunciation of the right to prosecute the claims further, an equivalent to a judgment on the verdict as a conclusive bar· of the claims."

Plaintiff urges, however, that this case differs from those cited, apparently, because a motion for judgment n. o. v. and for a new trial were still before the court at the time of the payment of the verdict. We do not believe that this fact makes an operative difference in the application of the doctrine.

The case of Kannel v. Kennedy, 94 F. 2d 487, is precisely on point. There an action was brought in the Court of Common Pleas of Elk County. On April 16, 1936, the jury rendered a verdict against defendant in the amount of $8,957. On April 20, 1936, counsel for defendant filed a motion for a new trial and for judgment n. o. v. Later in January 1936, defendant in the first case instituted an action in the United States District Court for the Western District of Pennsylvania, alleging, in effect, that the negligence of the original plaintiff had caused him injury.

On July 22, 1936, during the course of taking testimony on the motion for a new trial in the Elk County case, the parties agreed to mark that case settled, compromised and discontinued upon payment to the original plaintiff of $7,000. When this was done, the Elk County case was marked compromised, settled and discontinued and the original plaintiff raised this fact as a bar to further action in the Federal court. The United States Circuit Court of Appeals for the Third Circuit stated, at page 488:

"It is the general rule that the doctrine of res judicata does not apply in the absence of a final judgment. . . . There are exceptions, however, to this rule, and we believe this case falls within one of the exceptions; namely, that a verdict alone is binding if the parties acquiesce in it. . . . Although in the instant case there were some concessions made by the winning party, the payment of the major portion of the verdict amounted to an acquiescence by the losing party in the facts found by the jury."

We agree with that court that the payment of the verdict during the pendency of the argument on the motions for judgment n. o. v. and for a new trial evidence their full acquiescence in the verdict of the jury and their waiver of their rights to pursue the matter.

*Order*

And now, August 3, 1954, the preliminary objections to the complaint are sustained, and the prothonotary is directed to enter judgment for defendant with costs to be paid by plaintiff.