Thal *v.* Krawitz et al., Appellants.

Argued April 19, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Milford J. Meyer,* with him *Samuel Kravitz* and *Meyer, Lasch, Hankin & Poul,* for appellants.

*Abraham Wernick,* with him *Hyman Shane,* for appellee.

OPINION BY MR. JUSTICE JONES, May 22, 1950:

This is the defendants' second appeal in this case from a refusal of a motion for judgment on the pleadings. The opinion of Mr. Justice LINN on the former appeal (361 Pa. 178, 63 A. 2d 33) contains the following succinct statement of presently pertinent facts: "Charles Thal, in 1944, leased certain premises in Philadelphia from Myron J. Krawitz and Minnie R. Krawitz with an option to buy them. Myron J. Krawitz held the title in trust for himself, his mother, Minnie, and two brothers, Leonard and Lester, then in the Army. When Thal called for performance of the option, defendants refused to convey. Thal then filed a bill for specific performance in Common Pleas No. 1. Defendants answered. The case was tried on the merits by Judge McDEVITT who decided the controlling issue in favor of defendants. That issue was whether at the time defendants Krawitz were authorized to bind Lester and Leonard Krawitz. The bill was dismissed; no appeal was taken and the decree became final."

Subsequently, Thal brought this action in assumpsit (sic) for damages allegedly suffered by the plaintiff in relying upon false and fraudulent representations of the defendants Krawitz (Myron and Minnie) that they were authorized to enter into the option agreement in behalf of the absent trust beneficiaries (Lester and Leonard). The defendants answered and, under new matter, pleaded that the alleged misrepresentations, relied upon by the plaintiff in the instant action, had been concluded against him by the findings of the chancellor in the suit for specific performance, the record in that proceeding being made part of the answer by express reference. The defendants thereupon moved for judgment on the pleadings. The learned court below, mistakenly conceiving that

the record in the equity suit (which the plaintiff's reply did not dispute) was not properly before the court, denied the motion without considering or passing upon the defendants' pleas of res judicata or collateral estoppel. On the defendants' appeal from the action of the court below, we held that, as the record in the equity suit was properly a part of the pleadings in the case (see Rule 1019(g) Pa. R. C. P.), "The defendant is entitled to a speedy determination of this issue before he is put to a defense on the merits"; and, accordingly, we reversed. The practice in such regard now obtaining at law under the procedural rules accords with the earlier equity practice: cf. *Jones v. Costlow*, 354 Pa. 245, 250-251, 47 A. 2d 259.

Upon the remand of the case, the defendants renewed their motion for judgment on the pleadings. The court below again denied the motion but, this time, on the ground that the fact adjudicated in the equity proceeding, namely, that the defendants had not made the misrepresentations alleged by the plaintiff, was not essential to the decree of dismissal entered in that proceeding and, therefore, was not binding on the plaintiff in the present action. This second appeal by the defendants followed.

The question involved is not one of res judicata. Several of the identities between the former and present action, requisite to a plea of res judicata (see *Bennett, Trustee v. Erwin*, 325 Pa. 330, 333, 189 A. 675), are wanting. The matter involves, rather, a question of collateral estoppel. "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . .": Restatement, Judgments, §68. This rule is applicable to suits in equity as well as actions at law: comment *j.* of §68 of the Restatement, cit. supra. As the wording of the above-quoted rule from the Restatement indicates, it is "applicable only where the

facts determined are essential to the judgment [or decree, as the case may be]": see comment *o.* under the above-cited section. Such has long been a recognized rule of this State: see *Coleman's Appeal,* 62 Pa. 252, 272, where Mr. Justice Sharswood quoted approvingly in pertinent connection from *Packet Company v. Sickles,* 72 U. S. (5 Wallace) 580, 592; see, also, *Lewis & Nelson's Appeal,* 67 Pa. 153, 165, where the same learned jurist said that,—". . . it is too well settled to need either argument or authority to maintain it that the estoppel of a judgment extends only to the question directly involved in the issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon", citing a number of leading English and early Pennsylvania cases in support of the proposition. The quotation from the opinion in *Lewis & Nelson's Appeal,* supra, has since been quoted with approval by this court a number of times: see, e.g., *Pittsburg Construction Company v. West Side Belt Railroad Company,* 227 Pa. 90, 104, 75 A. 1029; *Funk v. Young,* 254 Pa. 548, 553, 99 A. 76; and *Kicinko v. Petruska,* 259 Pa. 1, 7, 102 A. 286.

Applying the foregoing well-settled rule to the facts of record, the conclusion necessarily follows that the plaintiff is not estopped by the finding of the chancellor in the equity suit that the defendants had not made the misrepresentations attributed to them by the plaintiff. It is true that the plaintiff did request a finding to opposite effect, which request the learned chancellor refused. But, the finding in such regard was in no sense essential to the decree which dismissed the bill because of the invalidity of the option agreement upon which the suit was based. The agreement had neither been signed nor authorized by Lester and Leonard Krawitz, two of the trust beneficiaries whose approval of a sale of the property was requisite. As the opinion of Mr. Justice Linn on the earlier appeal specifically recognized,—"the controlling issue [in the equity suit] . . .

was whether at the time defendants Krawitz were authorized to bind Lester and Leonard Krawitz." To that issue, the chancellor's finding with respect to the alleged misrepresentations of Myron and Minnie Krawitz was as immaterial as would have been a finding, as requested by the plaintiff, that the defendants *did* make the alleged misrepresentations. The finding was, therefore, unessential to the decree entered and, consequently, not binding in the present action on the plaintiff.

Inasmuch as a question as to the elements of damage recoverable in this action has been unnecessarily injected into the briefs on this appeal, we wish to make plain that nothing more is here decided than that the plaintiff is not concluded by the chancellor's finding that the defendants did not make the alleged misrepresentations. What items of damage may be recovered, if any, remains a matter for the court below to determine, in the first instance, upon trial of this action.

Order affirmed.