Commonwealth *v.* Williams, Appellant.

Argued November 18, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Cecil B. Moore,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WATKINS, J., January 21, 1958:

This is an appeal from the judgment of sentence of the Court of Quarter Sessions of the Peace of the County of Philadelphia. The appellant was convicted by a jury, of loitering and prowling in violation of the Act of May 27, 1949, P. L. 1900, Section 1, 18 PS §4418.

On May 1, 1955, at or about 1:35 a.m., Edward Williams, the appellant, was arrested after he climbed over a six foot fence, topped with barbed wire, into the rear yard of the Star Hotel at 2037 Arch Street, Philadelphia. He was wearing rubber galoshes, even though the weather was dry. He first told the arresting officer he was going to rob the hotel. Later he testified that he went to the hotel to meet a woman friend with whom he had made an assignation. He did not tell the officer the real reason for his presence because he was a married man. He was indicted for attempted burglary and loitering and prowling. At the trial, a demurrer was sustained to the charge of attempted burglary. The jury found him guilty of loitering and prowling. He was sentenced to pay the costs, a fine of $5 and nine months imprisonment in the county prison.

The appellant complains of that portion of the court's instructions that read as follows: "If you believe the Commonwealth's witness under the evidence it would be your duty to convict, and if you believe the defendant it would be your duty to convict." The appellant claims this amounts to a directed verdict of guilty. "There are undoubtedly cases in which it is proper for the judge to instruct the jury that if they believe the evidence of a defendant it is their duty to convict him. It is, however, manifest that in order to justify such an instruction, it must appear that the testimony of the defendant, if true, establishes every fact essential to warrant a conviction": *Com. v. Hull,* 65 Pa. Superior Ct. 450, 463 (1917). This is just such a case.

This part of the charge, however, was followed by instructions to the jury that they did not have to believe either the testimony of the Commonwealth or the defendant. We should not consider this complaint because no exception was taken to this portion of the court's charge, nor was it called to his attention: *Com. v. Stowers,* 363 Pa. 435, 70 A. 2d 226 (1950). However, viewing the charge as a whole, the jury was left free to pass on the issues of fact arising under the evidence.

Was prejudicial error committed by the trial judge in his definition of the element of malice in this offense? The statute reads as follows: "Whoever at night time maliciously loiters or maliciously prowls around a dwelling house or any other place used wholly or in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor, . . ."

The court charged the jury that the word "maliciously" as used in this statute "means an intent to do a wrongful act." and that it is also used to define

"that state of mind of a person who does a wrongful act intentionally and without legal justification or excuse." This is the sense applied to the word by this Court when the same statute was under consideration in *Com. v. DeWan,* 181 Pa. Superior Ct. 203, at page 208, 124 A. 2d 139 (1956) : "The mischief prohibited is that intentional act, without legal justification or excuse, which has as its purpose injury to the privacy, person or property of another." We find no error in the court's instructions as to the element of malice in this offense.

The appellant further complains that the defendant's behavior did not constitute loitering and prowling as it is defined in the statute. The appellant by his own admission, wearing rubber galoshes on a dry night, the wearing of which was never explained, climbed a fence to gain entry to a hotel for the purpose of committing adultery. The Act of Assembly was obviously intended to punish not only those persons who at night are bent on peeping into the private affairs of citizens in their dwellings but also those individuals who are found at or near dwellings without lawful purpose or reason and whose presence can be explained only in some preparation for or attempt at illegality or crime: *Com. v. DeWan,* supra.

The conduct of the appellant in this case falls clearly within the purview of this Act of Assembly and fits the description of a person who loiters and prowls upon the property of another, in the night time, and without lawful business with the owner or occupant thereof, with the intention to do a wrongful act without legal justification or excuse.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed

until he has complied with the sentence or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.