Ursula **MAKARIW**, Administratrix of the Estate of Eugene Makariw, Deceased

v.

Ronald C. **RINARD**.

Civ. A. No. 28102.

United States District Court
E. D. Pennsylvania.

Oct. 10, 1963.

Smith & Scallan, by Robert J. Scallan, Chester, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a motion to dismiss an action for trespass on the ground of res judicata of a prior determination of the identical factual and legal issues involved in this case.

Ronald C. Rinard (Rinard), the defendant in the present case, brought an action against Y.B.H. Sales and Service, Inc. (Civil Action No. 26686) for injuries sustained in an automobile accident. Y.B.H. Sales and Service, Inc., was the employer of Eugene Makariw (Makariw), an automobile mechanic, who died as a result of the accident. This case was tried in November 1962, and resulted in a verdict in favor of Rinard in the sum of $27,697.25, before Chief Judge Clary and a jury. After the Court dismissed a post-trial motion filed on behalf of the defendant, Y.B.H. Sales and Service, Inc. (Y.B.H.) filed an appeal to the United States Court of Appeals for the Third Circuit and the case is docketed in that Court as No. 14449.

Rinard had purchased a Volkswagen from Y.B.H. and Makariw was showing him how to operate it when the accident occurred. Rinard testified that Makariw reached over and worked the steering wheel when they hit a "pot hole" which caused the car to veer into the path of another automobile. Makariw was killed in the collision and Rinard was seriously injured.

Now, in the present action involving the same factual and legal issues, Makariw's administratrix is suing Rinard for damages.

The issue presented is whether or not a prior determination that an employee (Makariw) was negligent and that the owner (Rinard) was not negligent estops the *personal representative* of the employee (Makariw) from claiming in a later suit that Rinard was negligent and that Makariw was not negligent.

The verdict and judgment against Y.B.H. in the prior action was predicated on principles of *respondeat superior.* There was no independent act of negligence on the part of Y.B.H. alleged in the prior suit.

■ Whether or not an action is barred by prior litigation is determined in diversity cases by the law of the state in which the Federal Court is sitting. See Hartmann v. Time, Inc., 166 F.2d 127, 138 (3 Cir., 1947); Kimmel v. Yankee Lines, 224 F.2d 644, 647 (3 Cir., 1955); Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

■ Under Pennsylvania law, the rule of res judicata is that when a Court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, *until reversed,*[1] is, forever and under all circumstances, final and conclusive as between the parties to the suit and *their privies,* in every factual ,and legal issue judicially determined which relate directly to the case then before the Court. Helmig v. Rockwell Mfg. Co., 389 Pa. 21, 29, 131 A.2d 622 (1957).

■ Our colleague, Judge Van Dusen, has held that where an employer is subjected to suit under the principle of respondeat superior, for the acts of his employee, all issues judicially determined therein bind the employee who is in *privity* with his employer. Moore v. Deal and Lucas, 203 F.Supp. 66 (E.D. Pa.1962); Waynik v. Suhyda, 22 Pa.Dist. & Co.R.2d 208 (Cambria Co. 1960).

■ Therefore, we hold that Makariw was in privity with his employer Y.B.H. and is concluded by the prior adjudication of his negligence and Rinard's freedom from culpability.[2] This presents the problem of deciding whether Makariw's personal representative, who was not a party to the prior litigation, is also bound under principles of res judicata.

■ The strict technical rule of res judicata requires that four conditions be present: (1) identity of the subject matter; (2) identity of the causes of action; (3) identity of persons and of parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made. 20 P.L.E. Judgment, Ch. 8, §§ 251–347; Helmig v. Rockwell Mfg. Co., supra, 389 Pa. at p. 29, 131 A.2d at p. 626.

■■ In the instant survival action the administratrix succeeds to the decedent's right of action for his estate and in the wrongful death action the right vests in the widow or personal representative. "Each is designated by law to serve as the alter ego of the deceased, and both trace their rights to this common source." Kannel v. Kennedy, 94 F.2d 487, 488 (3 Cir., 1937). Also, for all practical purposes the administratrix in this action occupies the same antagonistic relation toward Rinard as did her decedent in the earlier action.

■ Res judicata may be invoked to bar an action on the policy of the law to end litigation rather than on technical rules of privity.[3] For the plaintiff to recover in this action she will have to prove Rinard was negligent when this issue has already been resolved in his favor. To allow this matter to be relitigated would

---

1. The fact that an appeal is pending in the prior civil action does not militate against its effect as a final judgment. Pennsylvania recognizes a judgment as final until reversed. In re Wallace's Estate, 316 Pa. 148, 174 A. 397 (1934);

Hartmann v. Time, Inc., supra, 50 C.J.S. Judgments § 623, note 74.

2. Restatement of Judgments, § 83.

3. 50 C.J.S. Judgments § 763, p. 292.

render the prior trial and verdict a useless exercise in futility.

 No case has been found which is directly in point on this problem where the issues are similar and one of the identities is missing between the first and second actions. However, there are cases which state that a former judgment operates as a collateral estoppel to bar a relitigation of issues previously litigated, regardless of whether it was based upon the same cause of action as the second suit.[4] A fortiori, where the second suit arises out of the same cause of action, the doctrine of collateral estoppel operates as an absolute bar. The spirit and intent of the doctrine of res judicata and collateral estoppel warrant the granting of this motion to dismiss.

See also D.C., 203 F.Supp. 121.

---

4. Lawlor, et al. v. National Screen Service, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); Thal v. Krawitz, 365 Pa. 110, 73 A.2d 376 (1950); Restatement of Judgments, § 68.