## Walker v. The Ohio River Company

*S. Eldridge Sampliner* and *Harry Alan Sherman*, for plaintiff.

*Harold R. Schmidt, Anthony J. Polito* and *Rose, Schmidt & Dixon*, for defendant.

SMART, J., January 24, 1967.—On September 6, 1963, plaintiff filed this complaint against defendant, The Ohio River Company, containing two separate causes of action. The first cause of action is for compensatory damages under the Jones Act and the admiralty doctrine of seaworthiness. The second cause of action was for maintenance and cure under the general admiralty law. However, both causes of action were based upon an incident which is described as follows by plaintiff in paragraph five of her complaint:

"That on or about the 18th day of October, 1962, the plaintiff was aboard the said Motor Vessel as a member of its crew and was exercising all due care and caution in and about her own safety while that vessel and her tow was on the Ohio River upbound from Cincinnati, Ohio, plaintiff was peremptorily

ordered to do extraordinarily heavy lifting usually performed by a utility man, in addition to her regular duties, and while lifting a sixty pound mattress was caused to lose her balance and to be injured by the sudden lurching movement of the vessel, and she then and there sustained the severe and permanent injuries which are herein complained of".

On March 17, 1964, plaintiff herein also filed an action against The Ohio River Company in the United States District Court for the Western District of Pennsylvania, at admiralty no. 64-5, for maintenance and cure based upon the same incident which is the basis of the two causes of action allegedly set forth by plaintiff in the present case.

On February 2, 1965, after a nonjury trial on the merits at admiralty no. 64-5, the United States District Court for the Western District of Pennsylvania, speaking through his honor, Judge Joseph P. Willson, filed an opinion, which expressly embraced and constituted his findings of fact and conclusions of law and, on the same day, entered an order directing judgment against plaintiff herein, Evelyn Walker, and in favor of defendant herein, The Ohio River Company, and further dismissing the libel filed at admiralty no. 64-5. Moreover, on May 5, 1965, Judge Willson filed an opinion and order denying plaintiff's motion to set aside the judgment and grant plaintiff a new trial. The United States Court of Appeals for the Third Circuit, has, in a per curiam opinion, affirmed the judgment of the district court at admiralty no. 64-5.

Plaintiff, in her answer to defendant's new matter in this case, has admitted the filing of the aforesaid action for maintenance and cure in Federal court and has also admitted the entry of Judge Willson's opinions and orders dated February 2, 1965, and May 5, 1965.

Defendant herein, in due course, filed an answer to the complaint, and also new matter raising the defense of res judicata and/or collateral estoppel. On August 8, 1966, pursuant to defendant's motion for summary judgment, based upon the defense of res judicata and/or collateral estoppel, his honor Judge Loran L. Lewis entered an order of court dismissing the second cause of action set forth by plaintiff in the complaint filed herein. At the same time, Judge Lewis entered an order submitting defendant's motion for summary judgment, insofar as it related to plaintiff's first cause of action, to the general argument list. Accordingly, defendant's motion for summary judgment, based upon the aforesaid defenses and a prior adjudication between the same parties, is presently before this court for consideration.

The issue before the court is whether or not the doctrine of collateral estoppel precludes plaintiff from relitigating in this court material issues of fact which were actually determined adversely to plaintiff in a prior suit between the parties involving the same subject matter.

In Pilgrim Food Products Company v. Filler Products, Inc., 393 Pa. 418, the court stated as follows:

"If the parties to an action have had an opportunity to appear and be heard in a prior proceeding involving the same subject matter, *all issues of fact which were actually adjudicated in the former action and essential to the judgment therein are concluded as between the parties even though the causes of action in the two proceedings are not identical*": Larsen v. Larsen, 392 Pa. 609, 141 A. 2d 353 (1958); Thal v. Krawitz, 365 Pa. 110, 112, 73 A. 2d 376 (1950); Wallace's Estate, 316 Pa. 148, 153, 174 Atl. 397 (1934); Restatement, Judgments §68 (1942). (Italics supplied.)

Plaintiff's cause of action for maintenance and cure, which has been decided adversely to plaintiff in the

Federal court action, is not strictly identical with plaintiff's first cause of action herein for damages under the Jones Act and/or the admiralty doctrine of seaworthiness. However, the subject matter, that is, plaintiff's alleged accident aboard the vessel, Tibolt, on or about October 18, 1962, is the same, and the parties are the same. Accordingly, it would appear clear, under the rule of law set forth by the court in the Pilgrim case, supra, that any issues of fact which were actually adjudicated between the parties in the Federal court action, and essential to the judgment herein, are concluded as between the parties hereto and cannot be relitigated.

In the Federal court action, plaintiff testified in detail as to the occurrence of her alleged accident aboard the vessel, Tibolt, which was alleged in the complaint therein and which is repeated in the complaint filed in this case. However, after examining all the testimony, Judge Willson, on page 10 of his February 2nd opinion, stated as follows:

*"Based upon all the evidence this Court is unable to conclude that libellant suffered any injury on board respondent's motor vessel, Tibolt, on October 19, 1962.* Having seen and heard all the witnesses and having examined and given careful consideration to the other evidence, *the conclusion is reached that libellant has not met her burden of proof.* The preponderance of the evidence favors respondent. The libel will be dismissed and judgment will be entered for the respondent". (Italics supplied.)

Plaintiff's claim herein is predicated upon the same shipboard accident which was the basis of plaintiff's claim at admiralty no. 64-5. In the present case, plaintiff would have the further obligation of proving that her alleged accident was due to the negligence of defendant and/or the unseaworthiness of the vessel. However, before proceeding to any question of negli-

gence and/or unseaworthiness, plaintiff, in order to recover under the first cause of action set forth in the complaint herein, would, of course, have to prove that the alleged accident which is the basis of her claim did in fact occur. However, plaintiff herein has already had her day in court with respect to that issue of fact and, under the doctrine of collateral estoppel, plaintiff is precluded from relitigating that same issue in this court.

For the reasons set forth, defendant's motion for summary judgment will be granted, and the first cause of action set forth in plaintiff's complaint dismissed.

### ORDER OF COURT

And now, January 24, 1967, the motion filed by defendant for summary judgment be and the same is hereby granted, and it is ordered that the first cause of action set forth in the complaint filed herein be and the same is hereby dismissed.