## City of Philadelphia *v.* Stradford Arms, Inc.

Argued October 6, 1970, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and BARBIERI (who has since been appointed to the Supreme Court of Pennsylvania and did not participate in the decision).

*Carl K. Zucker,* Deputy City Solicitor, with him, *Levy Anderson,* City Solicitor and *Paul L. Rucci,* Assistant City Solicitor, for appellant.

*Irvin Stander,* for appellee.

OPINION BY JUDGE MANDERINO, February 4, 1971:

Appellee, Stradford Arms, Inc., completed construction in September, 1962, of apartment dwellings at premises located on Blakiston Street in the City of Philadelphia. The buildings constructed had a setback of only three feet six inches on one side and off-street parking space amounting to 10,394 feet. In both of these respects, the buildings did not comply with the requirements of the zoning regulations of Philadelphia. The zoning regulations required the setback to be eight (8) feet and the off-street parking area to be eleven thousand (11,000) square feet.

An application for a variance by Stradford was denied by the Zoning Board of Adjustment, and the denial was upheld on appeal. *Stratford Arms, Inc. v. Zoning Board of Adjustment,* 429 Pa. 132, 239 A. 2d 325 (1968).

Subsequently the City of Philadelphia brought an action in equity against Stradford to require compliance with the zoning ordinance. This is the case before us. The City requested compliance and also a fine of Three Hundred ($300.00) Dollars per week for each week of violation. A full hearing on the matter was held in the Court of Common Pleas of Philadelphia County which resulted in a decree nisi directing Stradford to pay Ten ($10.00) Dollars per week from July 31, 1962, to July 31, 1968. (Stradford calculated this to be approximately Three Thousand One Hundred ($3,-100.00) Dollars). Following an en banc hearing the court increased the fine and ordered Stradford to pay Fifteen ($15.00) Dollars per week until the premises were brought into compliance. (Stradford calculated this to be approximately Thirty-Five Thousand ($35,-000) Dollars over the life of the apartments).

From this order the City of Philadelphia appealed to the Supreme Court of Pennsylvania and under the Commonwealth Court Act (Act No. 185 of January 6, 1970); 17 P.S. 211.13 (1970), the appeal was transferred to the Commonwealth Court.

In its findings, the Common Pleas Court found that the "setback deficiency was unintentional on the part of defendant." It further found that although the parking area was deficient, the existing space was "adequate for the needs of the residents." The court also found that the apartment buildings did not "constitute a nuisance" nor did they "adversely affect the health, welfare and safety of the surrounding community." These were the key findings upon which the court entered its order.

The appellant, City of Philadelphia, does not contend that there was any abuse of discretion in the court's findings and our reading of the record indicates that there was substantial evidence to sustain the findings.

The City's challenge to the order below is that the court considered whether the violations were intentional or unintentional. According to the City, that question was not open before the equity court. The City states that the court, in this equity action, could not have found the violations to be unintentional because in the other proceedings involving the variance, the Board of Adjustment found violations to be intentional. The City argues that since the Board in the administrative hearings concluded that the violations were intentional, a court in a different judicial hearing was bound by that finding and could not consider the question again even though a full judicial hearing was held.

It is the City's argument that the "law of the case" had already been determined on this issue and could not be re-opened. It relies principally on *Commonwealth v. Tick, Inc.,* 431 Pa. 420, 246 A. 2d 424 (1968). The City, quoting from *Tick,* says "It is hornbook law that issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be reconsidered on a second appeal." The principle is not applicable to the situation before us. In *Tick* and in other cases cited, the principle was being enunciated in situations where there were two appeals involving the exact same case and the courts were correctly stating that having considered a matter on a first appeal they would not consider the identical matter on a second appeal in the same case. We have found no case—and none has been cited—in which the "law of the case" principle was held to be applicable in two different appeals involving different cases even though the same factual determination was relevant in both cases and the parties were the same.

If the principle were applicable in such a situation, there would be no need for the principles of res judicata and collateral estoppel. These are the well estab-

lished principles applied to determine whether or not a litigant is bound by determination of fact or law made by a different tribunal at another time.

The principle of res judicata cannot apply. The application of this principle requires the presence of four (4) identities: (1) identity in the thing sued for, (2) identity in the cause of action, (3) identity of persons and of parties to the action and (4) identity of the quality in the persons for and against whom the claim is made. *Seifried v. Boyd,* 237 Pa. 55, 85 A. 72 (1912). The identities required are, obviously, not all present in this case.

There remains the possibility of the application of the principle of collateral estoppel. Pennsylvania has followed the Restatement of Judgments in the matter of collateral estoppel. *Thal v. Krawitz,* 365 Pa. 110, 73 A. 2d 376 (1950); *Larsen v. Larsen,* 392 Pa. 609, 141 A. 2d 353 (1958). Under the Restatement the principle is not applicable to our situation. In order for that doctrine to apply when a matter has been considered by two different tribunals, the second tribunal will only be bound by a finding of the first tribunal if the first tribunal had equivalent subject matter jurisdiction as the second tribunal. *Restatement of Judgments* §71 (1963). The Restatement cites a particularly relevant illustration in that section at comment *d.*

"A brings an action against B in a court which has jurisdiction of claims not exceeding one hundred dollars to recover accrued interest of Fifty ($50.00) Dollars on a promissory note not yet matured for One Thousand ($1,000) Dollars, executed by B and payable to A. B alleges that the note was secured by fraud. Whether the verdict and judgment are for A or B, the judgment is not conclusive on the issue of fraud in a subsequent action brought by A against B in a court of unlimited jurisdiction to recover the principal on the note after its maturity."

Since the Zoning Board of Adjustment does not have equity jurisdiction, it cannot grant injunctions or impose penalties; this is not a part of its subject matter jurisdiction. Such jurisdiction belongs to a Court of Common Pleas. Since it was the first tribunal having subject matter jurisdiction to grant injunctive relief or impose penalties, the court below was not bound by any prior proceedings.

The prohibition on the use of collateral estoppel set forth in the Restatement applies when the question is whether one court of law should be bound by that which occurred in another court of law in a different subject matter proceeding. When the question is whether a court of law in a judicial proceeding should be bound by that which occurred in a different proceeding before an *administrative agency,* the prohibition is more compelling. Nor is the application of the above prohibition affected by the Supreme Court's affirmance of the denial of the variance by the Board of Adjustment. Within the confines of the Board's subject matter jurisdiction, the Court decided only whether the Board of Adjustment abused its discretion or committed an error of law. *Stratford Arms, Inc. v. Zoning Board of Adjustment,* 429 Pa. 132, 129 A. 2d 325 (1968). Boards of Adjustment in proceedings involving requests for variances make many findings relating to real property including at times ownership matters. To hold that such findings would bind litigants in other judicial proceedings strikes us as unjust.

Order affirmed.

Judge MENCER dissents.