Dissenting Opinion by
Spaulding, J.:
I respectfully dissent.
Appellant Leon Duncan, having waived a jury trial, was convicted of loitering and prowling by Judge John E. Walsh, Jr., of the Court of Common Pleas of Philadelphia. He appeals from the judgment of sentence, contending that the statute under which he was convicted cannot be interpreted to include the conduct for which he was arrested and that the evidence was insufficient to support his conviction.
The facts of this case are undisputed, the testimony introduced by the Commonwealth being stipulated. At approximately 9:25 p.m. on April 2,1971, after visiting *555 hours, appellant entered the rear fire tower of St. Joseph’s Hospital in Philadelphia. On hearing noise in the fire tower, a nurse on duty called the police. At 9:30 p.m. appellant was arrested on the third floor landing of the fire stairs in the tower abutting the hospital.
The loitering and prowling statute under which the appellant was convicted, Act of June 24, 1939, P. L. 872, §418, added 1949, May 27, P. L. 1900, §1, 18 P.S. §4418, provides that: “Whoever at night time maliciously loiters or maliciously prowls around a dwelling house or any other place used wholly or in part for living or dwelling purposes, belonging to or occupied by another, is guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000) or undergo imprisonment for a period not exceeding one (1) year, or both.”[1] Appellant contends that the Commonwealth has failed to carry its burden of establishing the operative elements of the crime, in that: (1) a hospital like St. Joseph’s is not a “dwelling house or any other place used wholly or in part for living or dwelling purposes”;[2] (2) one who is found inside the fire tower is *556 not around the building, as proscribed by the statute [3] (3) there was no proof that appellant’s conduct was “malicious”. I would hold the evidence fails to prove the maliciousness required by the statute.
The statute requires loitering or prowling that is “malicious”. “Malicious”, as used in this context, has been defined to mean “an intent to do a wrongful act”, Commonwealth v. Williams, 185 Pa. Superior Ct. 312, 315, 137 A. 2d 903, 905 (1958); “[having] as its purpose injury to the privacy, person or property of another.” Commonwealth v. Dial, 445 Pa. 251, 285 A. 2d 125 (1971), citing Commonwealth v. DeWan, 181 Pa. Superior Ct. 203, 208,124 A. 2d 139,141 (1956). “This Act was obviously intended to punish not only those persons who at night are bent on peeping into the private affairs of citizens in their dwellings, but also those individuals who are found at or near dwellings without lawful purpose or reason and whose presence can only be explained in some preparation for or attempt at illegality or crime .... Of necessity, there *557 fore, each, act must be considered under the peculiar facts and circumstances which give rise to the accusation.” Commonwealth v. DeWan, supra, at 208.
The evidence here is purely circumstantial. It is true that the purpose of intent requisite to establishing a crime may be inferred from such evidence. Commonwealth v. Clinton, 391 Pa. 212, 137 A. 2d 463 (1958), Commonwealth v. Finnie, 415 Pa. 166, 202 A. 2d 85 (1961). In evaluating the sufficiency of the evidence after a guilty verdict, all of the evidence must be viewed in a light most favorable to the Commonwealth, with the Commonwealth given the benefit of all reasonable inferences arising therefrom. Commonwealth v. Simpson, 436 Pa. 459, 260 A. 2d 751 (1970). In order to sustain a conviction based solely on circumstantial evidence, however, “the theme of guilt must flow from the facts and circumstances proved, and be consistent with them all.” Commonwealth v. Clinton, supra, at 218. The circumstances proved must be of “such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused’s guilt beyond a reasonable doubt.” Commonwealth v. Bausewine, 354 Pa. 35, 41, 46 A. 2d 491, 493 (1946). If a conviction is based solely on inference, suspicion and conjecture it cannot stand.
In the instant case, all that was proved was appellant’s entry into and presence in a prohibited area of a hospital. These facts and circumstances do not give rise to a reasonable and natural inference that, beyond a reasonable doubt, appellant’s actions had as their purpose, “injury to the privacy, person, or property of another.” There was no evidence of the presence of any accomplices, tools, weapons, or fruits of another crime. Cf. Commonwealth v. Hargrave, 212 Pa. Superior Ct. 167, 210 A. 2d 570 (1968), Commonwealth v. Nicholls, 207 Pa. Superior Ct. 110, 217 A. 2d 768 *558 (1966). Nor was there evidence of conduct which would show the commission of, or preparation for an unlawful act, or of “peeping” into the privacy oí others. Cf. Commonwealth v. DeWan, supra, Commonwealth v. Nicholls, supra. This is a clear case of the facts presented being reasonably susceptible to explanation on a theory other than that of the appellant’s guilt.[4] To allow a conviction to stand based on mere presence in a prohibited area, without more, would render the element of malicious intent or purpose a virtual nullity.[5]
The evidence in this case is insufficient, as a matter of law, to establish, beyond a reasonable doubt, the malicious nature of appellant’s conduct. As the Commonwealth has failed to establish an essential element of the crime, this conviction should not stand.[6]
I would reverse the judgment of sentence.
Hoffman and Packel, JJ., join in this dissenting opinion.

 The crime of loitering and prowling has since been reduced to a summary offense, carrying a maximum penalty of a $500 fine and/or imprisonment for not more than six months. S.B. No. 173, Act No. 155, effective, January 31, 1972.

 Had the legislature restricted the area protected to a “dwelling house” we would find a hospital to be beyond the statute’s reach. Here, however, “any other building used wholly or in part for living or dwelling purposes” has been included. This Court has in the past affirmed a conviction for loitering and prowling around a hotel, Commonwealth v. Williams, 185 Pa. Superior Ct, 312, 137 A. 2d 903 (1958). One who finds himself temporarily living in a hospital because of an unwanted illness should not be afforded lesser security and privacy than an equally-transient hotel occupant

 I am mindful that in ascertaining the meaning of statutory language which is ambiguous and susceptible to conflicting interpretations, reference should be made to the evil which the statute aims to suppress. Under the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, §58(1), 46 P.S. §558(1), however, penal statutes are to be strictly construed. They “cannot be enlarged in scope by the courts so as to extend to the prejudice of a defendant in cases not covered with reasonable certainty by the language used.” Commonwealth v. Weiss, 142 Pa. Superior Ct. 524, 527 (1940). Further, we cannot, under our power of construction, supply omissions in a statute, especially in situations where the word or matter may have been intentionally omitted. Kusza v. Maximonis, 363 Pa. 479, 70 A. 2d 329 (1950), Calvert Dist. Corp. v. Bd. of Finance and Rev., 376 Pa. 476, 103 A. 2d 668 (1954). While we find these arguments persuasive to prevent us from interpreting the statute to mean “in or around” instead of merely “around”, they are not dispositive under the circumstances of this case. The appellant here had not entered the hospital itself, but was rather inside the fire tower abutting the building which houses the patients.

 At sentencing, appellant explained that he had entered the hospital to look for his cousin, a hospital maintenance worker, who had failed to appear outside of the hospital where they were to have met.

 Indeed, it is this requirement of maliciousness which may set this statute apart from other loitering or vagrancy statutes whose invitation to arbitrary or discriminatory administration of the criminal law have rendered them unconstitutional for vagueness. See Papachristou v. Jacksonville, 405 U.S. 156, 92 S. Ct 839 (1972) ; Screws v. United States, 325 U.S. 91, 103, 65 S. Ct. 1031 (1945).

 Having thus decided, I do not reach the appellant’s contention that the statute in question is on its face unconstitutionally void-for-vagueness.