Commonwealth, Appellant, *v.* Anderson.

*Richard F. Andracki,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellant.

*Allen N. Brunwasser,* for appellee.

OPINION BY SPAULDING, J., March 27, 1973:

The Commonwealth appeals from an order of Judge Charles D. McCARTHY of the Court of Common Pleas of Allegheny County suppressing evidence obtained against appellee Barbara Anderson and dismissing charges against her for possession of narcotic drugs.

On January 7, 1972, Pittsburgh police department detectives acting on information from a confidential informant, obtained a warrant to search the Pittsburgh apartment leased by one Karen Gilliam. Executing the warrant, the police were admitted to the apartment by lessee Gilliam. Gilliam subsequently attempted to dispose of two foil packets of white powder she was holding and was arrested.[1] When questioned, she revealed that appellee Anderson, her guest, was asleep in the bedroom of the apartment. Anderson was a resident of New York City and had been a house guest for approximately four days. The officers knocked on the bedroom door and granted appellee a few minutes to dress. Upon searching the bedroom, the officers found two beds, only one of which had been slept in. Atop a dresser, one to four feet from the slept-in bed,[2] the officers found $151 in cash. The unfolding of a dollar bill atop this pile of money revealed a quantity of white powder and further search of the dresser drawers produced a quantity of marijuana. The officers then arrested appellee and advised her of her rights. Subsequent to the arrest, the officers summoned a police matron who searched the person of appellee, finding no additional narcotic substances. On the living room couch, however, a discarded bathrobe was searched, revealing a quantity of cocaine. As the robe allegedly

---

[1] Gilliam pleaded guilty to possession of narcotics and was sentenced.

[2] There was conflicting testimony on the actual distance from the bed to the dresser containing the narcotics.

belonged to appellee, the cocaine uncovered became part of the evidence against her. Finding that the police lacked probable cause to arrest appellee in the first instance, the hearing judge suppressed the evidence obtained both prior to and subsequent to the arrest.

We are called upon to decide whether, as the Commonwealth contends, probable cause existed for appellee's arrest. It is axiomatic that a lawful arrest must be predicated upon probable cause and that if an arrest lacks such justification a warrantless search incident thereto is constitutionally impermissible. *Commonwealth v. Hicks*, 434 Pa. 153, 253 A. 2d 276 (1969); *Commonwealth v. Goslee*, 427 Pa. 403, 234 A. 2d 849 (1967); *Commonwealth v. Ellsworth*, 421 Pa. 169, 218 A. 2d 249 (1966). The evidentiary use of evidence seized without probable cause to arrest or search is likewise proscribed. *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684 (1961); *Commonwealth v. Reece*, 437 Pa. 422, 263 A. 2d 463 (1970). Any determination of whether probable cause existed must be made in light of the facts and circumstances of each case. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963). At the very least, an arrest with or without a warrant must be based upon more than "mere suspicion". *Commonwealth v. One 1958 Plymouth Sedan*, 418 Pa. 457, 211 A. 2d 536 (1965). *Commonwealth v. Bosurgi*, supra. With respect to the legality of arrest, our focal point must be the state of the arresting officer, with a view toward determining whether the facts and circumstances within his knowledge ". . . were sufficient to warrant a prudent man in believing that [the defendant] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). See *Commonwealth v. Ellsworth*, supra.

It is clear that mere presence at the scene of a crime does not present probable cause for arrest. *Com-*

*monwealth v. Goslee,* supra. In suppressing the evidence, the court below relied heavily on *Commonwealth v. Reece.* In that case, guests were arrested on their arrival at an ongoing "pot party", although the police had no knowledge of their identities, but merely suspected them of carrying narcotics. Reversing Reece's conviction our Supreme Court, applying the *Goslee* reasoning and emphasizing the fact that possession of narcotics is unique to the individual, concluded that "guilt by association" is an insufficient rationale for arrest. While we support that conclusion under the circumstances of that case, we find the instant facts to be distinguishable from *Reece.* From the point of view of the arresting officer's state of mind, vis-a-vis appellee in this case, there was clearly more than mere "presence at the scene". The officers, possessing a search warrant for the entire Gilliam apartment, had uncovered substances they suspected were narcotics on a dresser very near the only slept-in bed in the room in which the appellee had been sleeping as its sole occupant. The linking of the substances on and in the dresser with one sleeping nearby is a sufficiently logical nexus for arrest purposes, even though the officers had no knowledge of the appellee prior to their entering the premises.[3]

That such evidence may not be sufficient to convict appellee of possession or control of the contraband is not the consuming concern in reviewing the legality of arrest. There is a clear distinction between what is required for purposes of establishing probable cause for a warrantless arrest or search and what is required

---

[3] The questions of the visibility to appellee of the contraband in the folded dollar or in the dresser or of the access of the respective defendants to the bedroom may affect appellee's guilt or innocence of possession, but not the reasonableness of arrest by an officer who properly discovers the narcotics.

for proving guilt. "The arresting officer need not have in hand evidence which would suffice to convict", *Wong Sun v. U. S.*, 371 U.S. 471, 479 (1963), as it is only the probability, and not a prima facie showing of criminal activity that is the standard for justifying arrest. *Commonwealth v. Murray*, 437 Pa. 326, 263 A. 2d 886 (1970). The probable cause necessary to support an arrest "... cannot demand the same strictness of proof as the accused's guilt upon a trial. ..." *Commonwealth v. Bosurgi*, supra. With this in mind, it appears that the trial court's reliance on recent cases in the area of constructive possession of contraband, *e.g., Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971); *Commonwealth v. Davis*, 444 Pa. 11, 280 A. 2d 119 (1971); *Commonwealth v. Whitner*, 444 Pa. 556, 281 A. 2d 870 (1971), was misplaced. While those cases may be similar on their facts to the instant appeal,[4] they all establish a standard of proof necessary to *convict* for possession or control, *i.e.*, that more than mere proximity to and opportunity to control the contraband must be shown by the Commonwealth. Sufficiency of evidence to establish guilt must not be confused with the lesser standard necessary to support the legality of an arrest. *Commonwealth v. Bosurgi*, supra. Accordingly, while we make no statement of the eventual prospects for conviction under these facts, we find that they presented probable cause for appellee's arrest.

Having so concluded, all evidence seized incident to the arrest was admissible.[5] *Draper v. U. S.*, 358 U.S. 307, 79 S. Ct. 329 (1959). Here, however, the hearing

---

[4] Indeed, in *Whitner*, the defendant was found sleeping in a friend's apartment some three feet from a dresser on which the contraband in question was sitting.

[5] The evidence obtained in the search of the dresser prior to the arrest would be admissible on grounds independent of the subsequent arrest, *i.e.*, that it was obtained in executing a valid search warrant.

judge in suppressing as evidence against Anderson the cocaine found in the discarded bathrobe, noted that, "[T]he police matron who testified at the suppression hearing identified Gilliam, not [appellee] Anderson, as the individual who wore and discarded the bathrobe." Although the record of that hearing supports the judge's finding on this point, it is an affirmative finding of fact which concerns the question of guilt on the charge of possession. This does not concern the legality of the search and seizure and should properly be before the finder of fact at trial.

The order of the court below is reversed. The case is remanded for further proceedings consistent with this opinion.