Commonwealth *v.* Dennis, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Douglas Riblet* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Neil Kitrosser, David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 22, 1975:

Appeal is taken to this Court from Judgment of Sentence rendered by Judge Calvin T. WILSON following non-jury trial on September 13, 1974. Appellant was adjudged guilty of possession with intent to deliver a controlled substance.[1] Oral motions for new trial and in arrest of judgment were made and denied. Prior to commencement of trial, Judge WILSON heard argument as to appellant's suppression of evidence claim; relief was denied, and the testimony was incorporated in the

---

1. A violation of "The Controlled Substance, Drug, Device and Cosmetic Act", Act of 1972, April 14, P.L. 233, No. 64, § 13 (a) (30), 35 P.S. §780-113 (a) (30).

trial proceedings which began immediately thereafter.

On October 21, 1972, the Philadelphia Police Department had received a call that two men were seen prowling in the vicinity of 48th and Sansom, a residential area. Two plainclothes officers in an unmarked car responded and observed appellant and his co-defendant, one Shelton Gregor, one of whom went up on a porch. Two other officers, uniformed and in a marked car, came to the area and also observed the same things. Each group of officers observed the two men walk a distance together, part, walk in opposite directions, and then come together again. This took place over a period of about ten minutes. Shortly appellant and co-defendant began to enter an automobile parked nearby, at which time the uniformed officers pulled their car into position so as to block appellant's egress; and the plainclothes officers approached the car on foot. Thereupon, appellant uttered an oath and ran. He was stopped and was arrested, together with co-defendant. Search incident to arrest followed. An officer removed from appellant's right rear pocket a package eight by five inches in size, wrapped in foil and containing six bundles, each of which contained 25 glassine packages of a white powder suspected, and later established, to be heroin.

Appellant argues that there was no probable cause for arrest and that evidence found in a search incident thereto should have been suppressed. We disagree. It is clear that a warrantless arrest must be supported by the existence of probable cause. See *Commonwealth v. Anderson,* 224 Pa. Superior Ct. 19, 302 A.2d 504 (1973). "The evidentiary use of evidence seized without probable cause to arrest or search is likewise proscribed." *Anderson, supra,* at Superior Ct. 22. To determine the existence of probable cause, we look to whether the police officers reasonably could have believed that crime was afoot; " '[i]t is only the probability, and not a prima facie showing, of criminal activity that is the standard of probable

cause. *Beck v. Ohio,* 379 U.S. 89, 85 S. Ct. 223 (1964).' " *Commonwealth v. Murray,* 437 Pa. 326, 329, 263 A.2d 886, 888 (1970). It is the coalescence of circumstances in the instant case which convinces us that there existed probable cause to arrest for prowling. The radio call regarding prowling, although unsubstantiated, alerted the police. Observation of the appellant and co-defendant showed that they were wandering furtively, up and down the sidewalks of a residential area and going up onto a porch of one of the homes at night. When challenged by the police, appellant began to run. We hasten to point out that none of the above, standing alone, would give probable cause—not the unsubstantiated report of an informant, see *Commonwealth v. Falk,* 221 Pa. Superior Ct. 43, 290 A.2d 125 (1972) ; not mere presence of the men in the area, see *Anderson, supra;* not the flight of appellant, see *Commonwealth v. Pegram,* 450 Pa. 590, 301 A.2d 695 (1973). We hold that the above circumstances taken together as a whole, placed the officers on inquiry, led them to believe that a crime was being committed and constituted probable cause for arrest, *Commonwealth v. DeFleminque,* 450 Pa. 163, 299 A.2d 246 (1973), and *Commonwealth v. Young,* 222 Pa. Superior Ct. 355, 294 A.2d 785 (1972).

There being probable cause to arrest, a search incident thereto is permissible. "It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." *U. S. v. Robinson,* 414 U.S. 218, 224, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973). In this case, we find probable cause to arrest, and we further find that a search made incident thereto which produces evidence of crime does not support a motion to suppress that evidence.

Appellant further argues that since co-defendant's case was dismissed following a grant of his motion to suppress while before the Municipal Court, then his motion to suppress likewise should have been granted. It is clear that the facts as to appellant and co-defendant

352

differ materially in that the co-defendant did not flee. Notwithstanding the material difference, the Commonwealth did not appeal the Municipal Court's ruling in favor of co-defendant. Furthermore a Court of Common Pleas is not bound by a decision of an inferior court, on a theory of collateral estoppel, where a party, here appellant, was not a party to the motion in the Municipal Court. See *Philadelphia v. Stradford Arms, Inc.*, 1 Pa. Commonwealth Ct. 190, 274 A.2d 277 (1971). Appellant's remaining out of such motion is further reasoning for holding that the Municipal Court's determination in regard to co-defendant does not touch appellant's case. See *Thal v. Krawitz*, 365 Pa. 110, 73 A.2d 376 (1950).

Judgment of sentence affirmed.

JACOBS, J., concurs in the result.

———

DISSENTING OPINION BY HOFFMAN, J.:

I cannot agree that the search which revealed the presence of narcotics was a search conducted incident to a lawful arrest.

The facts of this case can be simply stated: On the night of October 21, 1972, the arresting officers received a radio call to the effect that two men were "prowling" in the area of 48th and Sansom Streets in Philadelphia. Four officers, in two separate cars, arrived in the area and observed appellant and his co-defendant walk along the sidewalk, part, and proceed to walk in opposite directions. One of the men walked on a porch. Approximately ten minutes later the same scenario was repeated. Eventually, the two men came together and walked toward a parked automobile. As they were about to enter the vehicle, the police approached. Appellant uttered an oath and attempted to flee, but was stopped and arrested. A search of appellant's person revealed 25 glassine packets of heroin.

At the time of appellant's arrest, the crime of "prowling" was defined as follows: "Whoever at night time

maliciously loiters or *maliciously* prowls around a dwelling house ... belonging to or occupied by another, is guilty of a misdemeanor ..." (Emphasis added). 18 P.S. §4418.[1] The purpose and scope of the statute has been defined by our Court: "This Act was obviously intended to punish not only those persons who at night are bent on peeping into the private affairs of citizens in their dwellings, but also those individuals who are found at or near dwellings without lawful purpose or reason and *whose presence can only be explained in some preparation for or attempt at illegality or crime.* The mischief prohibited is that *intentional act,* without legal justification or excuse, *which has as its purpose injury to the privacy, person or property of another." Commonwealth v. De-Wan,* 181 Pa. Superior Ct. 203, 208, 124 A.2d 139 (1956) (Emphasis added). The Supreme Court has approved this definition: " 'Malicious,' as used in this statute, has been defined to mean '[having] as its purpose injury to the privacy, person or property of another.' ..." *Commonwealth v. Dial,* 445 Pa. 251, 256, 285 A.2d 125 (1971). *See also Commonwealth v. Williams,* 185 Pa. Superior Ct. 312, 315, 137 A.2d 903 (1958).

At trial, the Commonwealth proved only that appellant walked on a porch for a very short period of time some minutes prior to his arrest, which occurred at a parked automobile. There is absolutely no evidence of record which would indicate that appellant attempted to enter any residence, or that appellant invaded the privacy of any person's home. Proof that appellant walked on a porch and almost immediately came back to the sidewalk cannot serve to support a belief that appellant was "maliciously" prowling. It was incumbent upon the Com-

---

1. Act of May 27, 1949, P.L. 1900, §1, 18 P.S. §4418. This section has been reenacted under the new Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §5506. The statute has been upheld as not impermissibly vague. *Commonwealth v. Duncan,* 456 Pa. 495, 321 A.2d 917 (1974).

monwealth to show that the arresting officers had reason to believe that appellant intended to injure "the privacy, person or property of another." Merely walking on a porch and immediately leaving cannot provide the necessary probable cause.

Arrests and/or convictions for prowling have been upheld by the appellate courts. The evidence presented in those cases, however, was far stronger than the meager testimony provided in the instant case. For example, in *Commonwealth v. Hargrave*, 212 Pa. Superior Ct. 167, 240 A.2d 570 (1968), the defendants twice passed within fifty feet of an apartment building while the arresting officer was within their view. On their third passage, the officer was out of sight. The defendants went to the apartment parking lot, one standing at the rear of the car in the manner of a lookout as the other entered the building. Similarly, the facts of *Commonwealth v. Nicholls*, 207 Pa. Superior Ct. 410, 217 A.2d 768 (1966), presented a stronger case. There, the appellant attempted to open the door and peeped in the window in the company of a known burglar. Finally in *Commonwealth v. Williams*, 185 Pa. Superior Ct. 312, 137 A.2d 903 (1958), the appellant was wearing rubber galoshes on a dry night and climbed a fence to gain entry to a hotel for the purpose of committing adultery.[2]

The evidence produced by the Commonwealth in the instant case cannot support a finding of probable cause to arrest for malicious prowling. As a result, the arrest was unlawful, and the search conducted incident thereto was likewise unlawful. The evidence obtained in the search, therefore, was improperly admitted at trial.

I would reverse and remand for a new trial.

---

2. *Commonwealth v. Duncan*, supra, is inapposite. The Supreme Court granted allocatur limited " 'to the constitutional issue of vagueness and the issue of . . . the use and meaning of the word "around" in the statute.' " 456 Pa. at 497, 321 A.2d at 918. Thus, the Supreme Court in *Duncan* assumed that the element of maliciousness was present.