## Commonwealth v. Raynes

*John Gill*, for Commonwealth.
*John J. Aponick, Jr.*, for defendant.

BROMINSKI, *P.J.*, for the Court en Banc, April 20, 1978—This matter comes before the court upon the motions of defendant, Christopher Raynes, for a new trial and in arrest of judgment.

Defendant was charged with disorderly conduct and aggravated assault as the result of incidents which occurred near the scene of a fire on Route 11 in Plymouth Township and during the course of his being transported in a motor vehicle to the police station on the evening of April 28, 1976.

A jury found defendant not guilty of one charge of disorderly conduct, filed to no. 1244 of 1976; guilty of another charge of disorderly conduct, filed to no. 1524 of 1976; and guilty of the aggravated assault charge.

Defendant's several reasons offered in support of his post-trial motions are directed only to the jury's

finding of guilt on the aggravated assault charge, and may be summarized as follows:

1. The trial judge erred in submitting to the jury an issue which is solely a question of law, that is, whether the injury inflicted by defendant occurred while the police officer was making, or attempting to make, an arrest.

2. Even if the transport of defendant to the police station was part of an arrest, it was unnecessary and illegal and, therefore, any injury inflicted upon the officer during the course of such transport was not inflicted in the process of a lawful arrest as required by the statute.

The Pennsylvania Crimes Code of December 6, 1972, P.L. 1482, sec. 2702, 18 C.P.S.A §2702, Aggravated Assault, provides as follows: "(a) Offense defined.—A person is guilty of aggravated assault if he: "(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest . . . "

Initially, defendant contends that it was the duty of the trial judge to decide as a matter of law whether his arrest was completed at the time of the assault or whether the injury was inflicted while the police officer was making or attempting to make an arrest. Essentially, this argument assumes that the phrase "making or attempting to make a lawful arrest" constitutes a single, continuously worded element of the crime which must be resolved by the trial judge as a matter of law. We do not agree with defendant's position.

In our opinion, this phrase encompasses two separate and distinct elements rather than one. In this regard, clearly, that element formed by the words "lawful arrest" necessarily requires the

court to determine as a matter of law whether defendant's "arrest" was "lawful": Com. v. Stortecky, 238 Pa. Superior Ct. 117, 352 A. 2d 491 (1975). However, the other element consisting ofh words "making or attempting to make" (an arrest) presents a question of fact for the jury to decide: Com. v. Tattersall, 61 Luz. 73, at page 80. Thus, insofar as this particular phrase taken as a whole is concerned, there is a hybrid question of both law and fact.

The trial judge denied defendant's demurrer, the language of which appears in the notes of testimony at page 96 as follows: " . . . With regard to the charge of aggravated assault and battery, defendant demurs for the reason that the testimony concerning any possible injury or harm to the officer reflects that, surely, if done, it was done after the arrest of the defendant had been completed and was not done while any officer was making an arrest or attempting to make an arrest . . . "

The court's fifth point for charge reads as follows: "Five, if you find that any injuries to the police officers caused by the defendant were caused after the defendant had been arrested, then you may return a verdict of not guilty."

At page 149 of the notes of testimony, the trial judge commented as follows: " . . . it's a mixed question of law and fact and Mr. Aponick could argue as a matter of fact that the injuries were inflicted after the arrest had been completed . . . "

Nowhere in the court's charge to the jury is there a direction or instruction to determine whether the arrest was "lawful." While the trial judge did instruct the jury regarding the word "arrest," he did so with respect to the issue of whether the injury occurred during the process of making, or attempt-

ing to make, an arrest, but not with regard to whether the arrest itself was lawful. Further, the trial judge did not employ the words "lawful arrest" together in the course of these instructions.

Implicit in all of this is a clear indication that the court did not instruct the jury on the elements of a lawful arrest and did not instruct them to make a determination of whether defendant's arrest was lawful.

The question of whether the injury was inflicted on the police officer while making or attempting to make an arrest, adequately illuminated by instructions which included a definition of the word "arrest," properly was submitted to the jury as a question of fact.

We conclude that no error was committed in submitting the case to the jury.

Secondly, defendant argues that even assuming the transporting of himself to the police station was a part of the arrest procedure, still the arrest was unlawful and, therefore, any injury inflicted upon the officer was not done during the course of a "lawful arrest." Specifically, he contends that the arrest was not lawful because ultimately he was acquitted of the charge of disorderly conduct emanating from his behavior prior to being transported to the police station; there was no necessity for the police to take him into custody and take him away from the scene, since they knew him and his parents and they knew where he lived; and a citation could have been issued and merely mailed to him. This argument lacks merit.

The record reveals that at the scene of the incident initially involving defendant and Officer Shultz, a fire was being fought, traffic was stopped

and being specially directed, women and children were present, and a state of emergency existed. Defendant's conduct, when considered in conjunction with the circumstances involved at the fire scene, constituted probable cause for the police to arrest him, because it involved a breach of the peace and presented a danger. An arrest without a warrant is permissible for a non-traffic summary offense where such offense involves breach of the peace or endangers property or the person of any person present: Com. v. Shillingford, 231 Pa. Superior Ct. 407, 332 A. 2d 824 (1975).

Defendant's reasoning that since the disorderly conduct charge originating from the incident which occurred at the scene of the fire was dismissed, there was no probable cause for the arrest and that, consequently, the assault which took place in the police cruiser while he was being taken to the police station did not occur during the process of a lawful arrest, is faulty. It is the probable cause which exists at the time of the arrest that is the controlling consideration. Moreover, it is only the probability of criminal activity under the circumstances considered together as a whole which is the standard of probable cause to arrest and not a prima facie showing of criminal activity: Com. v. Dennis, 236 Pa. Superior Ct. 348, 344 A. 2d 713 (1975). We conclude that an arrest was not improper under the totality of the circumstances.

In summary, we conclude that the trial judge committed no error in submitting the case to the jury in the manner he did and that the jury was warranted in making its findings.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that defendant's motions for a new trial and in arrest of judgment are denied and dismissed.

Defendant is hereby ordered to report for sentencing on May 23, 1978, at 9:30 a.m. in Court Room No. 1, Luzerne County Courthouse.